[L. A. No. 4939. In Bank.—September 29, 1916.]

## DAVID C. NARVER, Petitioner, v. FRANK C. JORDAN, Secretary of State, Respondent.

PRIMARY ELECTION — DEFEATED PARTY CANDIDATE — ELIGIBILITY AS NOMINEE OF DIFFERENT PARTY AT GENERAL ELECTION.—Under the Primary Election Act of ·1913, a person who had filed nomination papers as a candidate for a particular party nomination for a specified office, and who was defeated for such party nomination at the primary election, but was elected thereat as the party nominee of a different party by having his name written in as such on the primary election ballot, is not ineligible to run as the party nominee of such other party at the ensuing general election, and is entitled to have his name inserted as such on the ballot for the general election.

ID.—CONSTRUCTION OF PRIMARY ELECTION LAW OF 1913.—The provision of subdivision 8 of section 5 of such primary election law, declaring that "nothing herein shall be construed as prohibiting the independent nomination of candidates as provided by section 1188 of the Political Code . . . except that a candidate who has filed nomination papers for nomination to any office on the ballots of any political party at a primary election, . . . and who is defeated for such party nomination, at such primary election, shall be ineligible for nomination to the same office at the ensuing general election, either as an independent candidate or as the candidate of any other party," simply means that a candidate for a party nomination who was defeated at the primary election may not have his name placed on the general election ballot as a candidate for the office under the provisions of said section 1188.

APPLICATION for a Writ of Mandate directed to the Secretary of State of the State of California.

The facts are stated in the opinion of the court.

Samuel M. Shortridge, John C. Catlin, W. M. Bowen, and Frank P. Doherty, for Petitioner.

U. S. Webb, Attorney-General, and Ray Benjamin, Chief Deputy Attorney-General, for Respondent.

ANGELLOTTI, C. J.—This proceeding is one to obtain a writ compelling the Secretary of State, in sending to the county clerks and registrars in the tenth congressional district his certificate of candidates to be placed on the ballot for the

general election, to omit the name of Henry Stanley Benedict as the Progressive party candidate for the office of representative in Congress from the tenth congressional district.

At the August primary neither the name of Mr. Benedict nor any other person was printed upon the ballot as a candidate for the Progressive party nomination. The ticket of that party had as to that office simply the blank space in which any elector was authorized to write in the name of any person for such nomination. His name was so written in for such nomination by many electors, and he received in this way a sufficient number of votes to make him the Progressive nominee for the office, if he was eligible to be such.

It is claimed that by virtue of certain provisions of the Primary Act of 1913, the law in force at this time, he is ineligible to be such Progressive party nominee. The material facts upon which this claim is based may be stated in a very few words. Mr. Benedict was a candidate at such primary for the Republican party nomination for such office, having been proposed as such candidate by a committee in accord with the provisions of subdivision 2b of section 5 of the Primary Act, and his nomination papers, prepared in accord with such provisions and accompanied by his own affidavit consenting to be such a candidate, having been duly filed in the office of the Secretary of State. He was defeated for such Republican party nomination.

Under the Primary Act any person is entitled to be a candidate for *all* the party nominations for an office, and the act expressly provides that nothing therein contained "shall be construed to limit the rights of any person to become the candidate of more than one political party for the same office upon complying with" its requirements. (Subd. 4, sec. 5.) Section 25 provides that if as a result of any primary election a person receives a nomination without first having filed nomination papers and having his name printed on the primary election ballot, he may cause his name to be withdrawn from nomination. It then provides: "The vacancy created by the withdrawal of such person as aforesaid, *or on account of the ineligibility of such person to qualify as a candidate because of the inhibitions of subdivision 8 of section 5 of this act,* shall not be filled." Subdivision 8 of section 5, so far as material, provides: "Nothing herein shall be construed as prohibiting the independent nomination of candidates as provided by sec-

tion 1188 of the Political Code, as said section was enacted at the fortieth session (the session of 1913) of the legislature of the State of California; except that a candidate who has filed nomination papers as one of the candidates for nomination to any office on the ballots of any political party at a primary election held under the provisions of this act, and who is defeated for such party nomination at such primary election shall be ineligible for nomination to the same office at the ensuing general election, either as an independent candidate or as the candidate of any other party.'' Section 1188 of the Political Code, as enacted at the fortieth session of the legislature, provides simply how and when a candidate ''may be nominated subsequent to'' a primary election, ''or in lieu of any primary election.'' Its language is such as to preclude the idea that a nomination by any party can be made under its provisions.

The claim is that by reason of the language of subdivision 8, section 5, which we have quoted, Mr. Benedict is ineligible to the Progressive party nomination that he received at the primary election. It must be held that he filed nomination papers as a candidate for the Republican party nomination, and he was defeated for such party nomination at the primary election, which, it is claimed, brings him squarely within the language of the subdivision. It must be confessed that there is much force in this contention if the words of the provision commencing with the word ''except'' be construed as an independent provision, and not merely as an exception to and a limitation of the preceding language guaranteeing the right, notwithstanding any other provision of the act, of independent nomination of candidates as provided in section 1188 of the Political Code. The effect of the construction contended for would be somewhat anomalous, we may here say, in view of the other provisions of the act. Although a person might properly be, so far as the law is concerned, a candidate for nomination at the hands of each of the four parties participating in the primary, if he was defeated for any one of the nominations, he would be rendered ineligible for the nomination he had received at the hands of the other three parties. Of course, in the present state of the law no plausible reason can be given for any such provision. It seems clear to us that the only reasonable construction that can be given to this provision is that it has reference only to attempted nominations under section 1188 of the Political Code ''subsequent

to'' or ''in lieu of any primary election.'' It simply means
that a candidate for a party nomination who was defeated
at the primary may not have his name placed on the general
election ballot as a candidate for the office under the provi-
sions of said section 1188. In other words, the provision as
a whole is simply a declaration that nothing in the act shall
be construed as prohibiting the independent nomination of
candidates subsequent to or in lieu of any primary election,
as provided in said section 1188, except that no candidate de-
feated for a party nomination for such office at the primary
may be so nominated. The only reasonable argument against
this conclusion is the apparent consequent lack of necessity
for the words ''or as the candidate of any other party'' in the
exception, in the light of the fact that the exception is ap-
plicable only to candidates at the primary for nomination on
the ballots of political parties, and that section 1188, as
amended in 1913, apparently has no application to the matter
of ''party'' nominations. The same is true as to the portion
of section 25 that we have italicized in our quotation thereof.
The provisions just referred to are apparently the merest sur-
plusage; without any possible force or application. But this
consideration we do not deem sufficient to warrant us depart-
ing from what we believe to be the clear intent of the provi-
sion as a whole. It may properly be noted that these provi-
sions which are apparently without meaning or application
in the Primary Act of 1913 were contained in the earlier Pri-
mary Act of 1911, when section 1188 of the Political Code did
permit ''party'' nominations, and when a candidate could file
nomination papers only for nomination at the hands of the
party with which he was affiliated. It is very probable that
they were simply copied into the act of 1913 from the old law,
without consideration of any question of their necessity in
view of the changes otherwise made. But, however this may
be, we are of the opinion that the provision as a whole may
reasonably be construed only as we have indicated.

The alternative writ heretofore issued is discharged and the
proceeding dismissed.

Lorigan, J., Shaw, J., Henshaw, J., Melvin, J., and Lawlor,
J., concurred.

Mr. Justice Sloss, not having heard the argument in this
case, does not participate in the decision.