(August 16, 1918.)

DICK DONOVAN, Appellant, v. W. T. DOUGHERTY, Secretary of State, Respondent.

W. R. HAMILTON, Plaintiff, v. W. T. DOUGHERTY, Secretary of State, Defendant.

(Two Cases.)

[174 Pac. 701.]

INJUNCTION—PRIMARY ELECTION—CANDIDATES—POLITICAL PARTIES.

1. Injunction will not lie to restrain a ministerial act by a public official where no property rights are involved.

2. The laws of Idaho contain no provision which directly or impliedly forbids a candidate of one political party from seeking and obtaining the nomination of another political party at the same primary election, but permit a candidate to solicit and secure the nomination from one or more political parties at the same time.

[As to jurisdiction of equity to protect political rights, see note in Ann. Cas. 1915C, 989.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge, in an action to enjoin the Secretary of State from certifying certain names to county auditors as nominees upon the Democratic ticket to be voted for at the primary election, and original proceedings here by *mandamus* to accomplish the same purpose.

Judgment of the district court affirmed. Original proceedings *dismissed*.

E. J. Dockery, W. B. Davidson and Isham N. Smith, for Appellant and Plaintiff.

"It was the intention of the legislature that every right conferred upon the voter at the primary election would be protected, defended and enforced by appropriate legal methods, and every wrong committed against such law would have its remedy." (*Walling v. Lansdon*, 15 Ida. 298, 97 Pac. 396; *State v. Wait*, 92 Neb. 313, 138 N. W. 159, 43 L. R. A., N. S., 282; *State v. Wells*, 92 Neb. 337, 138 N. W. 165, 41 L. R. A., N. S., 1088; *State ex rel. Spofford v. Gifford*, 22 Ida. 613, 126 Pac. 1060; *State ex rel. Cook v. Houser*, 122 Wis. 534, 100 N. W. 964; *People v. Tool*, 35 Colo. 225, 117 Am. St. 198, 86 Pac. 224, 229, 231, 6 L. R. A., N. S., 822.)

"A court of equity may issue an injunction in matters relative to elections the same as in any other controversy." (*Aichele v. People*, 40 Colo. 482, 90 Pac. 1122; Lewis & Putney Handbook on Election L., sec. 52, p. 188.)

T. A. Walters, Atty. General, and A. C. Hindman, Asst. Atty. General, for Respondent and Defendant.

Kessler & Pizey and Elliott & Healy, for Intervenors.

The complaint alleges no facts showing, or tending to show, that the defendant is attempting, or will attempt, a judicial act in certifying down the name of Mr. Samuels. Such an act is clearly a ministerial act. (*Miller v. Davenport*, 8 Ida. 593, 70 Pac. 610.)

Courts will not grant writs of prohibition to restrain ministerial duties. (*Stein v. Morrison*, 9 Ida. 426, 75 Pac. 246; *Balderston v. Brady*, 17 Ida. 567, 107 Pac. 493; *Olden v. Paxton*, 27 Ida. 597, 150 Pac. 40; *Perrault v. Robinson*, 29 Ida. 267, 158 Pac. 1074.)

The only instance in which courts will interfere in political matters is in cases where there is some express statute which it is alleged is being violated. In those cases courts will interfere to the extent of enforcing or giving effect to

the statute or preventing the violation of the statute. (*Walling v. Lansdon,* 15 Ida. 282, 97 Pac. 396; *Lansdon v. State Board of Canvassers,* 18 Ida. 596, 111 Pac. 133; *State v. Gifford,* 22 Ida. 613, 126 Pac. 1060; 9 R. C. L. 1065, 1070; 10 R. C. L. 342; 14 R. C. L. 365, 374.)

PER CURIAM.—These causes are consolidated for the purposes of this opinion because they all grow out of the same state of facts and seek the same relief in substance, and the court feels that it has not the necessary time, owing to the public necessity for an early determination of them, to formulate a separate opinion in each.

The first action is in this court upon appeal from the third judicial district, and was brought for the purpose of obtaining a writ of injunction restraining the Secretary of State from certifying the names of certain candidates to the various county auditors of the state for printing upon the official primary ballot of the Democratic party for the primary election to be held on the third day of September next.

The second action is an original proceeding in this court for a writ of mandate directing the Secretary of State to refrain from certifying the name of one H. F. Samuels as a candidate for the Democratic nomination for Governor, in his certificate of names of candidates to the various auditors; and the third action is also an original proceeding in this court for a writ of mandate against the Secretary of State, directing him to refrain from certifying the names of certain other candidates for Democratic nominations for various state officers, in his certificate of nominations to the said auditors.

In the first action the trial court sustained a demurrer to the complaint for injunction, and upon refusal of plaintiff to plead further ordered the action dismissed, from which order plaintiff appeals.

The pleadings in these various proceedings allege that a certain organization, calling itself the Nonpartisan League, is a political organization which has appeared in Idaho since the election of 1916, but that it has no standing as a political

party as defined by our statutes; that in June last this organization selected delegates from various sections of the state and held a convention thereof at Boise on the third and fourth days of July, at which time and place it indorsed certain candidates for United States senators and representatives in Congress, and also certain other candidates for the various state officers of this state; that the said convention further determined that it would not place any ticket in the field as a separate and distinct political organization, but that it would enlist its members as members of the Democratic party, have its candidates named as candidates seeking the Democratic nomination for such various offices, direct its members to vote the Democratic primary ballot and seek to have them named as candidates of the Democratic party, and thus secure control of the Democratic party and its organization. It is further alleged that the delegates and others in control of the said Nonpartisan League convention and of the said Nonpartisan League organization conspired together to secure the nomination of its candidates as candidates of the Democratic party and to obtain control of its organization in fraud of the rights of the Democratic party and its organization and of those honestly professing themselves to be members thereof and affiliating therewith. It is alleged also in the complaint for injunction in the district court, but not in the original proceedings in this court, that the said delegates and others in control of the Nonpartisan League are now seeking and will seek to induce the membership thereof to commit perjury in case their votes shall be challenged at the primary election by swearing that they are members of the Democratic party, when in truth and in fact they are not, but are members of another and distinct political organization. It is then alleged that in furtherance of this conspiracy and design the candidates so indorsed at the Nonpartisan League convention have caused their names respectively to be placed in nomination with the Secretary of State as candidates seeking the nomination of the Democratic party at the said primary election. In addition it is alleged that the said H. F. Samuels was, until a

recent date, chairman of the Republican County Central Committee of Bonner County, and that he has not been and is not now a Democrat, and that one L. I. Purcell, candidate for Congress of the Nonpartisan League, was a member of the Republican Platform Convention held in Boise the latter part of June of this year, and that he has not been and is not now a Democrat.

The relief sought is to prevent the Secretary of State from certifying these Nonpartisan League candidates down as candidates seeking the Democratic nominations for the respective offices for which they have been placed in nomination.

Demurrer was interposed in the injunction proceeding attacking the jurisdiction of the court, the legal capacity of the plaintiff to sue and the sufficiency of the complaint to state a cause of action. In the original proceedings in this court, H. F. Samuels, in the one, was permitted to intervene and filed his demurrer and answer, and the other candidates were permitted to intervene and filed their demurrer and answer in the other proceeding. The demurrers in these proceedings attack the jurisdiction of the court, the legal capacity of plaintiff to sue, allege that there is another action pending, that there is a defect of parties plaintiff, and that the complaint does not state facts sufficient. The Secretary of State appeared in each of the cases and demurred to the jurisdiction and sufficiency of the complaint. As all of the proceedings are determined upon these demurrers, it becomes unnecessary to devote any attention to the answers filed in the original proceedings.

The demurrer to the complaint for injunction was correctly sustained by the lower court on the ground that it did not have jurisdiction of the subject matter of the action. There were no property rights involved and courts of equity will not intervene to restrain a public officer from the performance of a purely ministerial act where no property rights are in controversy. (14 R. C. L., p. 365, sec. 66; p. 373, sec. 76.)

Passing now to the original proceedings in this court, the first ground of demurrer, that the court has no juris-

diction of the subject of the action, is overruled. With reference to the second ground of demurrer, that the plaintiff has no legal capacity to sue, without passing upon the merits of this ground, this court is of the opinion that the objection is largely technical and of such a nature that it could be corrected by amendment, *instanter*, if the court were inclined to sustain it. It probably would have been better practice to have instituted the proceedings in the name of the state by the plaintiff as relator, and no one would have been injured by allowing an amendment to that effect at the hearing. With respect to the third ground of demurrer, that there is another action pending, this fact if it is a fact, does not appear upon the face of the complaint, or affidavit, and that document is not, therefore, subject to demurrer upon that ground. The fourth ground of demurrer is largely technical, for the reason that the court is here treating the matter as though brought in the name of the state with the plaintiff herein as relator, and it, too, is overruled.

The remaining question is as to the sufficiency or insufficiency of the complaints, or affidavits. Do these affidavits state a cause of action calling for the remedial action of the court, or, in other words, do the affidavits show, taking them as confessed by the demurrer, any violation of the statute with reference to the primary election law? If the conduct of the intervenors shall be considered as reprehensible, when measured by current standards of political morals, it must still be conceded that there must be some violation of either the direct or implied requirements of the statute before the court will lay its restraining hand upon them to counteract or remedy the wrong that has been done. The affidavits allege that a conspiracy was entered into, seeking as its object, to obtain members of the Nonpartisan League as candidates of the Democratic party when the individuals, who were to seek such nominations, were not members of that party, and with the further object of obtaining control of its organization. Are these acts or this conduct a violation of the primary election law? We are unable to discover wherein

they do so violate any express or implied provision of the law. There is nothing in the statute which says that a member of one political party may not seek and receive a nomination to office from a separate and distinct political organization. On the contrary, the statute provides what shall be done in such a contingency, which, by implication, clearly evinces the intention of the legislature to permit such a thing to be done. Section 31 of the Session Laws of 1909, p. 207, is as follows:

"Sec. 31. If a voter shall write upon his ticket the name of any person who is a candidate for the same office upon some other ticket, said ballot shall be counted for such person as a candidate of the party upon whose ticket his name is written, and shall in no case be counted for such person as a candidate upon any other ticket. In case a person is nominated upon more than one ticket, he shall file with the proper officer a written declaration indicating the party designation under which his name is to be placed on the official ballot."

And a paragraph of Section 405 of the act of March 15, 1917, found in the Session Laws of that year at page 319, is in the following language:

"If a candidate shall receive the nomination of more than one party or more than one political designation for the same office, he may, at any time, not less than thirty-five (35) days prior to the date of the general election, by a writing delivered to the Secretary of State, if the nomination is for a state office, or to the county auditor, if the nomination is for a county office, direct in what order the several political designations shall be added to his name upon the official ballot, and such directions shall be followed by said officer. If, during the said time, the said candidate shall neglect to direct in writing as aforesaid, then said officer shall add said political designations to the name of said candidate in such order as said officer shall see fit."

It will be seen that membership of a political party is not only not a necessary qualification to become its candidate

for office, but that the means for procuring such a nomination, by one not such a member, have been provided by law.

If it is not desired that a candidate may procure himself to be nominated by a political party, the principles and doctrines of which he antagonizes and denounces rather than espouses, relief must be had from the legislature, not from the courts.

In the case of *Hart v. Jordan, Secretary of State,* 168 Cal. 321, 143 Pac. 537, the supreme court of California passed upon the question of the right of a candidate seeking election upon more than one party ticket. (See, also, *Williams v. Jordan,* 168 Cal. 793, 143 Pac. 538; *Narver v. Jordan,* 173 Cal. 424, 160 Pac. 245; *State ex rel. Frazer v. Siebel,* 262 Mo. 220, 171 S. W. 69.)

The judgment of the district court in the injunction proceeding is sustained, and the applications in the two original proceedings in this court for writs are denied and the proceedings dismissed.

Mr. Justice Rice deemed himself disqualified, and Hon. F. J. Cowen, Judge of the sixth judicial district, participated in the hearing of these cases and in the rendition of the foregoing opinion.

Petition for rehearing denied.