State ex rel. Consolidation Coal Co. v. Arnold, 186 Wis. 609.

STATE EX REL. CONSOLIDATION COAL COMPANY and another, Respondents, vs. ARNOLD, Tax Commissioner, etc., Appellant.

*March 12—April 7, 1925.*

*Taxation: Coal dock occupational tax: Exemption of coal on dock from other forms of taxation.*

1. Coal passing over a dock in Wisconsin on which the operator had paid an occupational tax, under sec. 70.42, Stats., for the year preceding April 30, 1924, and which coal was on the dock on May 1st following, separately piled and owned but held in storage by the dock company, is not assessable as personal property to the owner as of May 1st.. p. 612.
2. Where. by comparing ch. 555 of the Laws of 1917 with ch. 209 of the Laws of 1915 it is shown that the legislature, in passing the coal dock occupational tax act, followed in principle the occupational grain tax law, the coal tax act, which followed directly after a decision of this court upholding the validity of the grain tax act, must be considered as controlled thereby. p. 612.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This was an action brought in the circuit court for Milwaukee county, by writ of *certiorari* against the defendant as tax commissioner of the city of Milwaukee and as chairman of the board of review thereof, to review an assessment of taxes against the respondent the *Consolidation Coal Company.*

The facts are not in dispute. The *Wisconsin Great Lakes Coal & Dock Company* owned and operated a coal dock in

the city of Milwaukee. Under contract with said dock company the *Consolidation Coal Company* shipped coal from Eastern ports to Milwaukee, had the same unloaded on the coal dock of said coal company, and piled thereon for storage, in a separate pile from other coal. Under such contract the dock company was required to deliver said coal on wagons, trucks, or cars for local consumption or for shipment to outside places, as required. The coal assessed had been received on the dock subsequent to May 1, 1923, and was on the dock on May 1, 1924. The dock owner and operator complied with the provisions of ch. 555, Laws 1917, now sec. 70.42, Stats., and paid the occupational tax on such coal.

Such coal, however, was assessed to the *Consolidation Coal Company* as personal property, and the assessment was confirmed by the board of review of the city of Milwaukee.

The circuit court reversed and vacated the action of the assessing authorities.

For the appellant there were briefs by *John M. Niven,* city attorney of Milwaukee, and *Walter J. Mattison,* assistant city attorney, and oral argument by *Mr. Mattison.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *T. H. Spence,* of counsel, all of Milwaukee, and oral argument by *Mr. Spence.*

CROWNHART, J. Appellant contends that the tax paid by the owners of the dock under the provisions of sub. (1), sec. 70.42, Stats., was an occupation tax on the privilege of conducting the business of a coal dock during the year ending April 30, 1924, and exempted from further taxation only such coal handled over the dock during the year as was owned by the dock owner. The exemption does not extend to other owners of the coal on May 1st even though such coal is stored on the docks over which it was received. Appellant further contends that if the exemption extends

to the coal belonging to other owners on the succeeding May 1st, then it must be classified as a property tax and the exemption allowed would violate the uniformity clause of the Wisconsin constitution.

The sole question here presented is whether or not coal passing over a coal dock in Wisconsin, upon which the dock operator pays an occupational tax as prescribed by sec. 70.42, Stats., for the year preceding April 30, 1924, and which coal is on said dock on May 1st following, separately piled and separately owned, but held in storage by the dock company, is assessable as personal property to the owner of such coal as of May 1st of that year.

Prior to June 12, 1915, grain in elevators was taxed as personal property to the operator of the elevator. Sec. 1044, Stats. 1913. On June 12th there was enacted ch. 209, Laws 1915, now sec. 70.41, Stats., which provided that the operator of such elevator should thereafter pay an occupational tax on all grain passing through the elevator for each year preceding April 30th, and "such grain shall be exempt from all taxation, either state or municipal." This statute was before this court in the case of *State ex rel. Bernhard Stern & Sons v. Bodden,* 165 Wis. 75, 160 N. W. 1077, and in a decision on January 16, 1917, this court upheld the constitutionality of the statute and gave it full force and effect. In considering that case the court said:

"It appears that the legislature intended to do the practical and possible thing, namely, to exempt the grain actually in such elevators and warehouses on May 1st of each year. We cannot doubt but that this was the legislative purpose. An exemption of such grain from taxation to the operators of elevators and warehouses seems the natural thing for the legislature to do in consideration of the payment of the occupation tax of the operator."

Prior to July 3, 1917, coal on docks was assessable to the person in charge or possession of the same, *i. e.* to the dock

owner or operator.    Sec. 1044, Stats. 1915.    On July 3, 1917, ch. 555, Laws 1917, was enacted, providing in its title:

"An act to create section 1057$t$ of the statutes, requiring operators of coal docks to pay an occupation tax on coal handled over such coal docks in lieu of other taxes on such coal."

The first paragraph of that act provided:

"Every person, copartnership, association, company or corporation, operating a coal dock in this state, other than a dock used solely in connection with an industry and handling no coal except that consumed by such industry, shall on or before December fifteenth of each year pay an annual occupation tax of a sum equal to one and one-half cents per ton upon all bituminous coal, and two cents per ton upon all anthracite coal handled by or over such coal dock, during the preceding year ending April thirtieth; and such coal shall be exempt from all taxation, either state or municipal."

By comparing ch. 555, Laws 1917, with ch. 209, Laws 1915, it will be seen that the legislature followed in principle the enactment of the occupational grain tax law, in passing the coal dock occupational law.    This coal dock occupational tax law followed directly after the decision on the grain tax law, and the legislature must have known of that decision, and the act must be considered as controlled by that decision.

We must hold here, as it was held there, paraphrasing that decision: It appears that the legislature intended to do the practical and possible thing, namely, to exempt the coal actually on the coal docks on May 1st of each year.    We cannot doubt but that this was the legislative purpose.

*By the Court.*—The judgment of the circuit court is affirmed.