Stott Briquet Company, Inc., Respondent, vs. City of
Superior, Appellant.

*March 10—April 15, 1941.*

For the appellant the cause was submitted on the brief of *Maynard Berglund,* corporation counsel, and *Claude F. Cooper,* assistant corporation counsel.

For the respondent there was a brief by *Powell & Sprowls* of Superior, and *Otis, Faricy & Burger* of Saint Paul, Minnesota, and oral argument by *John S. Sprowls* and *Roland J. Faricy.*

FAIRCHILD, J.   The appellant asserts that the complaint is fatally weak in that it does not contain an allegation that "the Great Lakes Coal & Dock Company was engaged in the business of handling coal for the use of the general public or of anybody other than this plaintiff," and contends that therefore the pleading fails to state facts showing that the coal in question was subject to an occupational tax under the provisions of sec. 70.42 (1), Stats., and therefore exempt from other taxation as provided in that section.

The coal is subject to the personal property tax unless it was subject to the occupational tax.   The complaint does show facts enough to sustain respondent's claim.   The coal was stored on docks of the Great Lakes Coal & Dock Company under an agreement with respondent to unload and store "in separate piles from other coal" and to be delivered on order. The pleader indicates the existence of separate entities as be-

tween the dock company, the respondent, and other customers of the dock company. The only inference to be drawn from the allegation of the assessment of the occupational tax as set out in the complaint is that the occupational tax was properly assessed by officers doing their duty as required by statute, and that the coal is therefore exempt from the personal property tax. *Wisconsin E. S. Co. v. Fidelity & D. Co.* 191 Wis. 645, 650, 211 N. W. 670; *State ex rel. Anderton v. Kempf,* 69 Wis. 470, 473, 34 N. W. 226; 20 Am. Jur. p. 174, § 170.

It is considered that this case is ruled by the decision in *State ex rel. Consolidated Coal Co. v. Arnold,* 186 Wis. 609, 203 N. W. 373. There, as here, the dock company owned and operated a coal dock. It was under contract with a customer who shipped coal from eastern ports to the dock where it was unloaded and piled on the dock for storage in piles separate from other coal. Under the contract the dock company was required to deliver the coal to the customer on trucks owned by the dock company. The dock company complied with the provisions of the occupational tax. It was there held that the occupational tax was valid, and that because it had been paid, the coal there involved was exempt from all other taxes.

The validity of the assessment and the collection of the occupational tax on the coal is sufficiently shown and the demurrer was properly overruled.

*By the Court.*—Order affirmed.