[No. 2,462.]

# THE PEOPLE OF THE STATE OF CALIFORNIA, EX REL. C. VEJAR, *v.* JACOB METZKER.

MEMBERS OF THE COMMON COUNCIL OF A CITY.—When the charter of a city provides that the Common Council shall "judge of the qualifications, elections, and returns of their own members," the Council possesses the exclusive authority to pass on the subject, and Courts have no jurisdiction to inquire into the qualifications, elections, or returns of members of the Council.

APPEAL from the District Court, Seventeenth Judicial District, Los Angeles County.

The complaint averred that, on the sixteenth day of December, 1869, an election was held in Los Angeles for the election of five members of the Common Council, for the term of two years from the date of their election, and that C. Vejar was one of the five who received the greatest number of legal votes, and was elected; but that, on the sixteenth day of December, 1869, the defendant usurped the office, and had since unlawfully exercised and withheld the same from the relator. The defendant demurred, on the ground that the Court had no jurisdiction, and the Court overruled the demurrer. He then answered, and judgment was rendered for the relator, and he appealed.

The other facts are stated in the opinion.

*Thorn & Ross,* for Appellant, argued that the right to judge of the qualifications, elections, and returns of its own members, was given to the Common Council for public purposes, and that, when exercising the power within the limits of the charter, its action could not be controlled by

the Judiciary, and cited *Whitney* v. *Board of Delegates*, 14 Cal. 479; *Holland* v. *City of San Francisco*, 7 Cal. 361; and Cooley's Const. Lim. pp. 207–8–9.

*Glassel, Chapman & Smith*, for Respondent, argued that, if the Act of March, 1850, vested the Council with the power to determine the election, qualifications, and returns of its own members, that section 310 of the Practice Act, afterward passed, gave the District Court power to adjudicate and determine "against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, in this State," and that the latter Act must prevail.

By the Court, RHODES, J. :

This is an action in the nature of a *quo warranto*, brought under section 310 and following, of the Practice Act, to determine the right of the defendant, and of the relator as well, to the office of a member of the Common Council of the city of Los Angeles. The appeal is from the judgment alone; and as the record contains neither a bill of exceptions nor a statement on appeal, the only questions which arise are whether the Court has jurisdiction of the action, and whether the complaint states sufficient facts to sustain the judgment.

The tenth section of the Act of March 11th, 1850, to provide for the incorporation of cities (Statutes of 1850, page 88)—that Act being applicable to that city at the time of the alleged election of the relator—provides that the Common Council "shall judge of the qualifications, elections, and returns of their own members."

The eighth section of Article 4 of the Constitution, relating to the legislative department of the State Government, is as follows: "Each house shall choose its own officers, and judge of the qualifications, elections, and returns of its own members." The words of the Constitution and of the statute being identical, should receive the same construction. It is settled beyond controversy, that those

words of the Constitution confer upon each house the exclusive power to judge of and determine the qualifications, elections and returns of its own members; and it follows that the Common Council of a city to which that section of the Act is applicable, possesses the like exclusive authority to judge of and determine the qualifications, elections, and returns of its own members. The Court, therefore, had no jurisdiction of the action.

Judgment reversed and cause remanded, with directions to dismiss the action.

Mr. Chief Justice WALLACE did not express an opinion.