APPEAL from the County Court of *Milwaukee* County. The case sufficiently appears in the opinion.

For the appellants it was submitted on the brief of *Wallber & Wahl*, attorneys, and *Moses, Newman & Reed* and *A. J. Dittenhoefer*, of counsel. They contended, *inter alia,* that it was improper to join a motion to strike out a pleading with a motion for judgment. *Fellows v. Prest. etc. of Menasha*, 11 Wis. 559.

For the respondents there was a brief by *J. C. McKenney* and *A. C. Brazee*, and oral argument by *Mr. McKenney.*

THE STATE EX REL. ANDERTON, Appellant, vs. KEMPF, Respondent.

*September 26 — October 11, 1887.*

*Jurisdiction as to elections: Milwaukee city: Pleading: Quo warranto.*

1. Unless the statute conferring upon the common council of a city jurisdiction to judge of the election of its own members unequivocally excludes, by express provision or by necessary implication, the jurisdiction of the courts in that behalf, such jurisdiction re-

mains in the courts, and that conferred upon the common council is only concurrent or temporary.

2. The power conferred upon the common council of the city of Milwaukee by sec. 6, ch. 324, Laws of 1882, amendatory of the city charter (ch. 184, Laws of 1874), to "judge of the election and qualification of its own members," does not exclude the common law jurisdiction of the proper courts to determine the right to the office of alderman of that city.

3. The complaint in an action, in the nature of a *quo warranto*, to determine the right to the office of alderman of a city, need not allege that the steps required by ch. 464, Laws of 1885, to preserve the ballots, were taken, as it will be presumed, without averment, that the proper officers performed their official duty in that respect.

APPEAL from the Circuit Court for *Milwaukee* County.

This is a civil action in the nature of *quo warranto*, commenced by summons and complaint pursuant to sec. 3463, R. S. It was brought to try the right of the relator, *James J. Anderton*, to the office of alderman of the Sixth ward in the city of Milwaukee, which office, it is alleged in the complaint, the respondent, *John J. Kempf*, has usurped and intruded into, and unlawfully holds and exercises the same, and the privileges thereto belonging, to the exclusion of the relator.

It is alleged in the complaint that at an election duly held on the first Tuesday in April last, in that ward, for the election of an alderman for the term of two years then next ensuing, the relator was duly and lawfully elected by the legal and qualified electors of that ward to such office, and that he was eligible thereto; that there were three election precincts established in that ward, in which 850 legal votes were cast for the relator for such office, and not to exceed 843 votes for the respondent; that in the second precinct 648 votes were cast for aldermen, 347 of which were cast for the respondent, and 301 for the relator; but that the inspectors of election in said precinct made return to the city clerk of said city that but 615 votes were cast for alderman therein, of which number the respondent received

336, and the relator 279. This return, with the returns from the other precincts (the accuracy of which is not questioned), gave the respondent a majority of four votes. The complaint then alleges that due proceedings were held under and pursuant to ch. 464, Laws of 1885, for a recount of the votes in the second precinct, and that the same were recounted by the inspectors of such precinct, who determined, reported, and returned to the city clerk that the whole number of votes cast therein was 616, of which the relator received 282, and the respondent 334. This corrected return would give the relator in the whole ward a majority of one vote. It is also alleged that thirty-two ballots for alderman in that precinct were by mistake deposited in the box used for the reception of ballots for judicial officers cast at said election, of which number the relator received nineteen, and the respondent thirteen, of said votes. If these votes were counted, the relator would have seven majority in the ward.

It is then charged that the respondent, knowing the premises, wrongfully and unlawfully obtained the certificate of election to said office from the city clerk of said city, and that April 11, 1887, he usurped and intruded himself into said office, and has ever since unlawfully held, used, and exercised the same, to the exclusion of the relator, and against his rights, and in contempt of the people of the state of Wisconsin. The usual judgment of ouster against the respondent is demanded, and that the relator is entitled to such office.

. To this complaint the respondent interposed a demurrer on the grounds (1) that the court has no jurisdiction of the subject of the action; (2) that the complaint does not state facts sufficient to constitute a cause of action. The court sustained the demurrer on the first ground assigned, and the relator appeals from the order sustaining the same.

*J. C. McKenney*, for the appellant.

For the respondent there was a brief by *Johnson, Riet-brock & Halsey*, and oral argument by *L. W. Halsey* and *D. H. Johnson*. They argued that the power conferred upon the common council of the city of Milwaukee is copied from that given by sec. 7, art IV, of the state constitution, to the two houses of the legislature, and like that is exclusive. Cooley on Const. Lim. 133; *People v. Mahaney*, 13 Mich. 481; *State v. Jarrett*, 17 Md. 309; *Lamb v. Lynd*, 44 Pa. St. 336. The constitutional provision relative to judicial power does not disable the legislature from conferring such jurisdiction upon a city council. Dillon on Mun. Corp. secs. 200, 204, and notes; Cooley on Const. Lim. 276, 623, 624 and notes. And where the intent to do so is clear, the courts will not interfere. *Comm. v. Leech*, 44 Pa. St. 332; *Comm. v. Meeser*, id. 341; *People v. Witherell*, 14 Mich. 48; *Tompert v. Lithgow*, 1 Bush (Ky.), 176; *State v. Rahway*, 33 N. J. L. 111; *People v. North*, 72 N. Y. 124.

LYON, J. Conceding the jurisdiction of the court, we think the complaint states a cause of action. It contains all the averments required by sec. 3468, R. S., in such a case. But it is objected that it contains no allegation that the steps required by ch. 464, Laws of 1885, to preserve the ballots, were taken. The statute required the ballots to be preserved and disposed of in a particular manner by the proper officers, and it must be presumed, even without averment, that those officers performed their duty. Hence the second ground of demurrer is not well taken.

The controlling question in the case relates to the jurisdiction of the court over the subject of the action. Sec. 6, ch. 324, Laws of 1882, amendatory of the charter of the city of Milwaukee (ch. 184, Laws of 1874), provides that " the common council shall be the judge of the election and qualification of its own members." The argument is that this provision excludes the jurisdiction of the courts to ad-

judicate between contesting claimants for the office of alder-
man, and vests that power solely in the common council.
It must be conceded that there are some decisions of courts
of high authority which seem to approve this doctrine.
Among these are the cases of *Comm. ex rel. McCurdy v.
Leech*, 44 Pa. St. 332; *Lamb v. Lynd*, 44 Pa. St. 336; *Comm.
ex rel. Yard v. Meeser*, 44 Pa. St. 341; *Peabody v. School
Committee*, 115 Mass. 383; *People v. Metzker*, 47 Cal. 524.

But the great weight of authority, and we think the
better reason, is opposed to such doctrine. We think the
rule is satisfactorily established that unless the statute con-
ferring the jurisdiction upon the common council to judge of
the election and qualification of its members unequivo-
cally excludes, by express provision or necessary implica-
tion, the jurisdiction of the courts in that behalf, such
jurisdiction remains in the courts, and that conferred upon
the council is only concurrent or temporary. This is the
doctrine laid down by Judge Dillon in his treatise on Mu-
nicipal Corporations, vol. 1 (3d ed.), §§ 202, 203, and notes;
also in McCrary, American Law of Elections, § 295, and
cases cited. A few of those cases are the following: *Ex
parte Heath*, 3 Hill, 42; *People ex rel. Hatzel v. Hall*, 80
N. Y. 117; *McVeany v. Mayor of New York*, 80 N. Y. 185;
*Comm. v. Allen*, 70 Pa. St. 465; *Comm. v. M'Closkey*, 2
Rawle, 369; *State v. McKinnon*, 8 Ore. 493; *Kendell v.
Camden*, 47 N. J. Law, 64; *Kane v. People ex rel. Snyder*,
4 Neb. 509; *State ex rel. Turner v. Fitzgerald*, 44 Mo. 425;
*State v. Wilmington*, 3 Har. (Del.), 294.

In many of the above cases, the language of the charters
under consideration is substantially the same as that of the
charter of Milwaukee. The case of *Comm. v. Allen*, above
cited, in effect overrules the cases cited from 44 Pa. St. as
sustaining the opposite doctrine. Some of the cases of that
class hold that language like that contained in the charter
of Milwaukee excludes the jurisdiction of the courts, be-

cause it is substantially the same as that employed in most of the state constitutions, and found in art. IV, sec. 7, of the constitution of this state, as follows: "Each house shall be the judge of the elections, returns, and qualifications of its own members." No one denies that this provision excludes the jurisdiction of the courts in that behalf, and so it has been held, notably in the case of *People ex rel. Vejar v. Metzker*, 47 Cal. 524, that this language must receive the same construction when employed in a statute, that it receives when employed in the constitution. We cannot give our assent to this proposition. We think that the same terms when used in different statutes, or in a statute and constitution, may properly receive different constructions, if that be indicated by the object and scope of the several statutes in which the same is employed. However, we do not care to discuss this question here; but for a full and satisfactory discussion thereof we refer to the above cases of *People ex rel. Hatzel v. Hall*, 80 N. Y. 117 (opinion by Judge FOLGER); *Comm. v. Allen*, 70 Pa. St. 465 (opinion by Judge AGNEW); *Kendell v. Camden*, 47 N. J. Law, 64 (opinion by Judge SCUDDER).

We adopt the doctrine of Judges Dillon and McCrary in their treatises above cited, that the jurisdiction of the courts remains in such cases, "unless it appears with unequivocal certainty that the legislature intended to take it away." And we hold, upon principle and authority, that the provision of the charter of Milwaukee under consideration does not interfere with the common law jurisdiction of the proper courts to determine the right to the office in controversy. Whether the legislature has the power to confer the exclusive authority upon a non-judicial tribunal to determine finally the right to any office (which is judicial power), and thus oust the courts of their common-law and statutory jurisdiction over such controversies, is a question of great

importance, but the same is not presented by this record, and will not be here determined.

*By the Court.*— The order of the circuit court sustaining the demurrer to the complaint is reversed, and the cause is remanded, with directions to that court to overrule the demurrer.

