[L. A. No. 3342. In Bank.—October 18, 1912.]

J. SCOTT ALLEN, Petitioner, v. H. J. LELANDE, County Clerk of the County of Los Angeles, and J. HENRY BAETZ, Respondents.

ELECTION—MEMBER OF ASSEMBLY—LEGISLATURE SOLE JUDGE OF QUALIFICATIONS OF MEMBERS—LAW PROVIDING FOR OFFICIAL BALLOT.—Under section 7 of article IV of the state constitution, the assembly is made the exclusive judge of the qualifications of its members, and the law providing for an official ballot cannot be held to have

changed the intent of the people that such body should be the sole and exclusive judge of the eligibility of those whose election is properly certified.

ID.—MANDAMUS—INELIGIBILITY OF CANDIDATE—STRIKING NAME FROM OFFICIAL BALLOT.—A writ of mandate will not lie to compel the county clerk to strike from the official ballot the name of a candidate for member of the assembly, on the ground that he was ineligible for that office by reason of nonresidence. For the court to undertake to try the question of eligibility, and to deprive the candidate of any chance to be elected, would be to usurp the jurisdiction of the assembly.

APPLICATION for a Writ of Mandate directed to the County Clerk of the County of Los Angeles.

The facts are stated in the opinion of the court.

Milton K. Young, and Theodore Bell, for Petitioner.

John D. Fredericks, District Attorney, for Respondents.

THE COURT.—J. Henry Baetz has been nominated as a Republican candidate for the assembly in the sixty-fifth assembly district. The secretary of state has certified to the county clerk of Los Angeles County that he is the Republican nominee for member of the assembly from said district. It is alleged that he is ineligible for that office by reason of nonresidence. The county clerk has been requested to strike his name from the official ballot as such candidate, and has refused. We are asked to issue a writ of mandate compelling the clerk to comply with that demand. The constitution of the state (art. IV, sec. 7) reads as follows: "Each house shall choose its officers, and judge of the qualifications, elections, and returns of its members." By that article the assembly is made the exclusive judge of the qualifications of its members. The law providing for an official ballot cannot be held to have changed the intent of the people in adopting that constitutional provision that the assembly should be the sole and exclusive judge of the eligibility of those whose election is properly certified. For this court to undertake to try the question of eligibility and to deprive the candidate of any chance to be elected, would simply be to usurp the jurisdiction of the assembly.

The petition is denied.