[S. F. No. 7137. In Bank.—September 24, 1914.]

## WM. H. H. HART, Petitioner, v. FRANK C. JORDAN, as Secretary of State of the State of California, Respondent.

ELECTION—CANDIDATES AT PRIMARY—MEMBER OF ONE PARTY MAY SEEK NOMINATION OF ANOTHER PARTY.—Subdivision 4 of section 5 of the Primary Election Law of 1913 (Stats. 1913, p. 1379), expressly authorizes a member of one political party, seeking its nomination for an office, to be a candidate at the same time, either by his own initiation or through the action of five electors, for the nomination of another party for the same office. Such provision is not violative of any constitutional restriction.

ID.—CONSTITUTIONAL LAW—LEGISLATURE MAY PRESCRIBE CONDITIONS FOR CANDIDATES.—Under section 2½ of article II of the constitution, added by the amendment of 1908, and directing the legislature to enact laws providing for direct nominations at primary elections, and to determine the tests and conditions upon which electors, parties, or organizations of electors shall participate, the legislature may prescribe tests and conditions for candidates, as well as for electors, but it is not bound to make membership in a party a condition of the right to seek the nomination of that party.

ID.—SELECTION OF CANDIDATES LEFT TO PARTY MEMBERS.—The selection of candidates of the party is, under the law, committed to those who have declared their affiliation with it. If they, the members of that party, seek to select as their candidate one affiliated with another party, or with no party, that is their privilege.

APPLICATION for a Writ of Mandate directed to the Secretary of State of the State of California.

The facts are stated in the opinion of the court.

Louis Montgomery, S. C. Denson, Chas. L. Thompson, and Wm. H. H. Hart, for Petitioner.

THE COURT.—The petitioner, a qualified elector, who had registered as a member of the Republican party, was a candidate for the nomination of said party for the office of attorney-general at the primary election, held on August 25, 1914, under the provisions of the Primary Election Law of 1913. (Stats. 1913, p. 1379.) At the same election U. S. Webb, a qualified elector of the Progressive party, having

appointed verification deputies under subdivision 2a of section 5 of the act, was a candidate of said Progressive party for its nomination for the same office. Said Webb was also a candidate for the Republican nomination for the same office, having been proposed as such candidate by five qualified electors "registered as intending to affiliate with" the Republican party, pursuant to subdivision 2b of section 5 of the act. At the primary election, Webb received a plurality of the votes cast for the Progressive nomination, and also a plurality of the votes cast for the Republican nomination. The petitioner, who received the second highest number of votes for the Republican nomination, avers that the secretary of state is about to issue, or has issued, to Webb a certificate of nomination as the Republican candidate and to certify Webb's name to the various county clerks and registrars as that of the regular nominee of the Republican party for said office of attorney-general to be voted for at the general election to be held on November 3d. The present application is for a writ of mandate requiring the respondent to cancel such certificate of nomination, if he has issued one, and to omit Webb's name as candidate of the Republican party, substituting therefor the petitioner's. name, in certifying names of nominees to county clerks and registrars.

The petitioner's contention is that a member of one party, seeking its nomination for an office, cannot at the same time, by his own initiative or through the action of five electors, be a candidate for the nomination of another party for the same office. That the act, by its direct terms, authorizes such candidacy for the nomination of two or more parties, is too plain for argument. Subdivision 4 of section 5 provides that "nothing in this act contained shall be construed to limit the rights of any person to become the candidate of more than one political party for the same office upon complying with the requirements of this act, but no person shall be entitled to become a candidate for more than one office at the same election."

This being the clear intent of the framers of the act, we cannot see in the provision any violation of constitutional restrictions. By the amendment of 1908, adding section 2½ to article II of the constitution, the legislature is directed to enact laws providing for direct nominations at primary elections, and to determine the tests and conditions upon

which electors, parties, or organizations of electors shall participate. Under this section, the legislature may prescribe tests and conditions for candidates, as well as for electors. (*Socialist Party* v. *Uhl*, 155 Cal. 776, [103 Pac. 181].) But it is not bound to make membership in a party a condition of the right to seek the nomination of that party. The selection of candidates of the party is, under the law, committed to those who have declared their affiliation with it. If they, the members of that party, seek to select as their candidate one affiliated with another party, or with no party, that is their privilege. No violation of fundamental right, or of the traditional practice of parties, is committed. Before the day of direct primary laws, it was not uncommon for a convention of one party to nominate a member or a candidate of another party, and there is no constitutional reason for saying that the same thing may not be authorized to be done by the direct action of the electors of the party.

The writ is denied.