[L. A. No. 21755. In Bank. Jan. 10, 1951.]

In re PATRICK D. McGEE, Contesting Nomination to an Office. ELDON JAMES MARKWORT, Appellant, v. PATRICK D. McGEE, Respondent.

Rollin L. McNitt and Edythe Jacobs for Appellant.

Frank P. Doherty and Spencer E. Van Dyke for Respondent.

CARTER, J.—Defendant, or contestee, a registered Republican, and plaintiff, or contestant, a registered Democrat, filed and qualified as candidates, each for both parties, at the June, 1950, primary election for the office of member of the State

Assembly, 64th District. Defendant was nominated on both tickets at that election.

The Elections Code provides that any candidate at a primary election may contest the right of another candidate to nomination to the same office by filing in the superior court an affidavit alleging various grounds including ineligibility to the office in dispute. (Elec. Code, §§ 8600, 8603.) Issue may be joined by the other candidate (*Id.*, § 8623) and the matter heard by the court and decision rendered (*Id.*, §§ 8624-8628). Either party may appeal to the District Court of Appeal within 10 days after judgment below and that court must decide the case within 10 days after the appeal is perfected. (*Id.*, § 8629.)

Pursuant to those provisions, plaintiff commenced a proceeding contesting defendant's election at the primary on the ground that he failed to meet the requirement that: ". . . no person shall be a member of the senate or assembly who has not been a citizen and inhabitant of the state three years, and of the district for which he shall be chosen one year, next before his election." (Cal. Const., art. IV, § 4.) The trial court decided in defendant's favor and plaintiff appeals asserting in chief that the evidence is insufficient to establish that defendant was a "citizen and inhabitant" of the state for three years next before his election as required by section 4 of article IV of the California Constitution, *supra.*

While defendant contends that the judgment is amply supported by the evidence, he asserts that the trial court lacked jurisdiction to entertain the proceedings. In support of the latter position he relies upon the constitutional provision that: "Each house (of the Legislature) shall . . . judge of the qualifications, elections, and returns of its members." (Cal. Const., art. IV, § 7.) It is claimed that the Assembly, to the exclusion of the courts, is the arbiter and forum for determining whether its members are eligible for the office. The first case touching precisely upon this issue was *Allen* v. *Lelande,* 164 Cal. 56 [127 P. 643], where a candidate had been nominated for the office of assemblyman. An examination of the record shows he was so nominated by direct primary election. Mandamus in this court was sought to compel the county clerk to strike his name from the ballot for the general election on the ground that he lacked the residence requirements of section 4 of article IV of the California Constitution, *supra.* The court denied relief stating: "The constitution of the state (art. IV, sec. 7) reads as follows: 'Each house shall

choose its officers, and judge of the qualifications, elections, and returns of its members.' By that article the assembly is made the *exclusive judge of the qualifications* of its members. The law providing for an official ballot cannot be held to have changed the intent of the people in adopting that constitutional provision that the assembly should be the *sole and exclusive judge of the eligibility* of those whose election is properly certified. For this court to undertake to try the question of eligibility and *to deprive the candidate of any chance to be elected,* would simply be to *usurp the jurisdiction of the assembly.*" (Emphasis added.) (*Allen* v. *Lelande,* 164 Cal. 56, 57 [127 P. 643].) Prior to the Allen case the court, in *People* v. *Metzker,* 47 Cal. 524, was concerned with an appeal from a quo warranto proceeding contesting an election of a city councilman where the municipal corporation statutes gave the power to the council to judge election contests in language identical to that applicable to members of the Assembly, *supra.* The court held the council had exclusive jurisdiction and the court none by analogy to the Assembly provision. But in *People* v. *Bingham,* 82 Cal. 238 [22 P. 1039], the court held that exclusive jurisdiction could not be granted to a county board of supervisors by statute for the Constitution conferred upon superior courts the right to entertain quo warranto proceedings. But doubt was cast thereon by *McGregor* v. *Board of Trustees,* 159 Cal. 441 [114 P. 566] and *Carter* v. *Superior Court,* 138 Cal. 150 [70 P. 1067], in the latter of which cases it was held that a provision that gave a council exclusive jurisdiction ousted the court of general jurisdiction in election contest cases. And it has been held that such statutes applying to local governments do not oust the courts of jurisdiction unless the legislative body is expressly given exclusive jurisdiction (*McGregor* v. *Board of Trustees, supra;* *Dawson* v. *Superior Court,* 13 Cal.App. 582 [110 P. 479]).

In the instant case we have no question of a conflict between a statutory grant of jurisdiction to a local legislative body and a constitutional provision investing power in the courts. ■ All provisions concerned here are in the Constitution and we think that section 7 of article IV, *supra,* confers exclusive jurisdiction on the Legislature to judge the qualifications and elections of its members. The powers of the government of the state are divided into the legislative, executive and judicial, and neither shall exercise the powers of the other "*except* as in this constitution expressly directed or permitted." (Cal. Const., art. III, § 1.) And there is expressly

vested in the Legislature, the power to judge the matters here involved (Cal. Const., art. IV, § 7, *supra*), a power which is judicial in character. (*Barry* v. *United States,* 279 U.S. 597 [49 S.Ct. 452, 73 L.Ed. 867].) Hence we conclude that it was intended to be exclusive in the Legislature, and that *Allen* v. *Lelande, supra,* is correct in so holding. The overwhelming weight of authority under identical federal and state constitutional provisions is in accord. (See cases collected 107 A.L.R. 205.) Furthermore, it has been held that the Legislature cannot curtail its jurisdiction by delegating it to the courts. (See *Dinan* v. *Swig,* 223 Mass. 516 [112 N.E. 91] ; *Ashley* v. *Wait,* 228 Mass. 63 [116 N.E. 961, 8 A.L.R. 1463] ; *Greenwood* v. *Registrars of Voters,* 282 Mass. 74 [184 N.E. 390] ; *Reif* v. *Barrett,* 355 Ill. 104 [188 N.E. 889] ; *Knox County Council* v. *State,* 217 Ind. 493 [29 N.E.2d 405, 130 A.L.R. 1427] ; *In re Hunt,* 15 N.J.Misc. 331 [191 A. 437], court may decide issue but not conclusive on Legislature; *State* v. *Kohler,* 200 Wis. 518 [228 N.W. 895, 69 A.L.R. 348] ; *Sutherland* v. *Miller,* 79 W.Va. 796 [91 S.E. 993, L.R.A. 1917D 1040] ; *State ex rel. Smith* v. *District Court,* 50 Mont. 134 [145 P. 721].)

It is urged, however, that the constitutional power conferred on the Assembly over elections and qualifications of its members (Cal. Const., art. IV, § 7) does not extend to or include primary elections. It has been so held. (*State* v. *State Election Board,* 169 Okla. 363 [36 P.2d 20, 94 A.L.R. 1007] ; *Leu* v. *Montgomery,* 31 N.D. 1 [148 N.W. 662].) The contrary view has been taken. (*State* v. *Zimmerman,* 249 Wis. 237 [24 N.W.2d 504] ; *Lucas* v. *McAfee,* 217 Ind. 534 [29 N.E.2d 403], reaffirmed on denial of petition for rehearing, 29 N.E.2d 588.) In the Zimmerman case, an injunction was sought to prevent the certification as Republican nominee of one nominated in a primary election for the office of United States Senator on the ground that he was disqualified as he held a state judicial office. The court held that under the United States Constitution, the Senate had exclusive jurisdiction to decide the elections and qualifications of its members (U. S. Const., art. I, § 5) and that such provision included primary elections. The court stated (p. 506 [24 N.W.2d]) : "The contention that the election process is wholly within the jurisdiction of the state and no conflict can arise until some candidate has been certified to the United States Senate as the elected representative of the state is unsound.

"The proceedings up to and including the issuance of the

certificate of election are wholly within the control of Congress. It was formerly held that primaries were not a part of the election process but that is no longer the established law.

"In *Newberry* v. *United States*, 1921, 256 U.S. 232, 41 S.Ct. 469, 65 L.Ed. 913, the Supreme Court of the United States left undecided whether primaries were a part of elections and therefore subject to federal control. The question left undecided in the Newberry case was decided in *United States* v. *Classic*, 1941, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 and the doctrine was affirmed in *Smith* v. *Allwright*, 1944, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987, 151 A.L.R. 1110. In *Smith* v. *Allwright* the Court held: 'The right of a citizen of the United States to vote for the nomination of candidates for the United States Senate and House of Representatives in a primary which is an integral part of the elective process is a right secured by the Federal Constitution.'

"It was further held that when as in the Allwright Case the primary became a part of the machinery for choosing officials, state and federal, the same tests to determine the character of discrimination or abridgment should be applied to the primary as are applied to the general election.

"The Court overruled *Grovey* v. *Townsend*, 1935, 295 U.S. 45, 55 S.Ct. 622, 79 L.Ed. 1292, 97 A.L.R. 680, which had held to the contrary.

"There can be no doubt that under the laws of the State of Wisconsin the primary election law is an integral part of the election process. No person can become a candidate of a political party in Wisconsin unless he can be a candidate for nomination by that party at a primary election. . . .

"Under *United States* v. *Classic, supra,* and *Smith* v. *Allwright, supra,* the same rules of law are applicable to a primary for the nomination for United States senator that are applicable to an election for United States senator.

"It is well established that under the provisions of Art. I, sec. 5, courts have no jurisdiction to judge of the returns and elections of United States senators. . . .

"What the relator asks the Court to do is to hold that Mr. McCarthy is disqualified to be a candidate for the nomination by the Republican Party for the office of Senator of the United States by virtue of the provisions of sec. 10. The process of nomination under Wisconsin law is an integral part of the election process and is therefore, as has already been stated, wholly within the jurisdiction of the United States Senate. If Mr. McCarthy under Wisconsin law cannot be a candidate

for nomination at the primary, he can never be a candidate at the election of any political party. He is therefore disqualified to take the first step if the argument of the relator is sound. His right to be a candidate at the election would be a barren right.''

By analogy the jurisdiction to judge qualifications and elections of assemblymen lies exclusively with the Assembly and it cannot delegate that duty and it cannot achieve that result indirectly by authorizing the courts to decide contests after primary elections. As in Wisconsin, primary elections in this state are an integral part of the election process. (See *Communist Party* v. *Peek,* 20 Cal.2d 536 [127 P.2d 889] ; *Independent etc. Party* v. *County Clerks,* 31 Cal.2d 549 [191 P.2d 6].)

It is true that comprehensive powers are given to the Legislature with regard to primary elections by the Constitution as follows: ''The Legislature shall have the power to enact laws relative to the election of delegates to conventions of political parties ; and the Legislature shall enact laws providing for the direct nomination of candidates for public office, by electors, political parties, or organizations of electors without conventions, at elections to be known and designated as primary elections ; also to determine the tests and conditions upon which electors, political parties, or organizations of electors may participate in any such primary election. It shall also be lawful for the Legislature to prescribe that any such primary election shall be mandatory and obligatory.'' (Cal. Const., art. II, § 2½.) That power is not unlimited. (*Communist Party* v. *Peek, supra.*) We see nothing in it that purports to strip or relieve the Assembly or Senate of their duty and obligation to judge the qualifications, elections, and returns of their members. The anomalous results that would follow if a court could make a binding determination under section 8600 of the Elections Code are apparent. If the trial court gave its judgment, either favorable or unfavorable, to the candidate after the primary election but nevertheless the candidate at the ensuing election received the majority of the votes cast, there can be little doubt that he could present his credentials to the legislative house to which he was elected and that body would be required to pass upon any claimed defect in his selection, regardless of the conclusion reached by the court. Such could easily happen as it has in the instant case. The trial court judgment was favorable to defendant and it was affirmed on appeal by the District Court of Appeal

in September. But a hearing by this court was granted and in the meantime his name was on the ballot at the November election and he received a majority of the votes. For this court to rule upon the question would be futile, for the binding and conclusive decision rests with the Assembly. If the Legislature may, by authorizing court review of primary election contests, prevent a candidate from being on the ballot at the ensuing election for various defects as to the elections or qualifications, it would, in many situations, achieve indirectly what it could not do directly, that is, delegate to the courts its prerogatives under section 7 of article IV of the California Constitution.

It may be that in some senses a primary election is not an election (see *McClintock* v. *Abel*, 21 Cal.App.2d 11 [68 P.2d 273] ; *Miller* v. *Childs*, 28 Cal.App. 478 [152 P. 972]), but as seen from the foregoing discussion, that rule is not here applicable. ■ Also, while the Legislature may prescribe tests and conditions for candidates under section 2½ of article II of the Constitution (see *Socialist Party* v. *Uhl*, 155 Cal. 776 [103 P. 181] ; *Hart* v. *Jordan*, 168 Cal. 321 [143 P. 537] ; *Heney* v. *Jordan*, 179 Cal. 24 [175 P. 402]) that does not mean that the courts may be given jurisdiction to override the power vested in the Legislature to judge qualifications, elections and returns of members.

*Heney* v. *Jordan, supra, Norcop* v. *Jordan*, 216 Cal. 764 [17 P.2d 123], *Hubbard* v. *Jordan*, 216 Cal. 788 [17 P.2d 127], *Ackley* v. *Jordan*, 216 Cal. 789 [17 P.2d 127], and *Puccinelli* v. *Superior Court*, 183 Cal. 775 [192 P. 707], are cited for the proposition that our courts entertain jurisdiction to determine eligibility of candidates for nominations. The Heney case involved the office of Governor which, of course, does not come under section 7 of article IV of the Constitution. The Norcop, Hubbard and Ackley cases involved the office of representative to Congress, as to the first two and state Assembly as to the third. The last two are memorandum opinions based on the first one. In all cases, relief was denied in proceedings for mandamus to compel the placing of a candidate's name on the election ballot after the primary election. There is no mention of the powers of Congress and the Legislature with respect to its members. Presumably, the point was not raised. The same comment applies to the Puccinelli case. ■ We hold therefore that section 8600 of the Elections Code cannot validly apply to the office of assemblyman.

The result reached makes it unnecessary to decide whether the evidence is sufficient to sustain the finding that defendant is eligible for the office of member of the state Assembly. The court had no jurisdiction to entertain the proceeding.

The judgment is reversed and the trial court directed to dismiss the proceeding.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Edmonds, J., concurred in the judgment.