[L. A. No. 21755. In Bank. Apr. 17, 1951.]

In re PATRICK D. McGEE, Contesting Nomination to an Office. ELDON JAMES MARKWORT, Appellant, v. PATRICK D. McGEE, Respondent.

Rollin L. McNitt and Edythe Jacobs for Appellant.

Spencer E. Van Dyke and Frank P. Doherty for Respondent.

CARTER, J.—This is a petition by respondent McGee to recall the remittitur previously issued in this cause for the purpose of awarding costs on appeal to respondent, or, in the alternative, to secure an order that the parties bear their own costs on appeal.

Appellant Markwort instituted a proceeding contesting respondent's election to the State Assembly. Respondent moved to dismiss the proceeding on the ground of lack of jurisdiction. The motion was denied. Thereupon, respondent petititioned the District Court of Appeal for a writ of prohibition to restrain the trial court from trying the action. That petition was also denied. After a trial on the merits, judgment was entered for respondent. The District Court of Appeal affirmed, holding that the evidence sustained the judgment and that the courts of this state have jurisdiction to determine the eligibility of candidates for election to the Legislature. (*In re McGee,* *(Cal.App.) 222 P.2d 66.) On hearing in this court, we held that the trial court lacked jurisdiction to entertain the proceeding. Accordingly, the judgment for respondent was reversed and the trial court was directed to dismiss the proceeding. (*In re McGee,* 36 Cal.2d 592 [226 P.2d 1], filed January 10, 1951.) Since the opinion contained no directions with respect to costs on appeal, the remittitur issued on February 10, 1951, with the order, entered by the clerk of this court, that appellant recover costs on appeal. (Rule 26(b), Rules on Appeal.)

*A hearing in the Supreme Court was granted on November 2, 1950, and the final opinion is reported in 36 Cal.2d 592 [226 P.2d 1].

Respondent alleges that appellant has served on him a memorandum of costs and disbursements totaling $418.80. The grounds alleged for recalling the remittitur are that respondent, and not appellant, was the prevailing party on appeal; that a reviewing court, in the interests of justice, may make an award or apportionment of costs which it deems proper (Rule 26(a)); that it is unjust to require respondent to bear the costs sustained by appellant on appeal when the position maintained by respondent since the inception of the proceeding—that no court has jurisdiction to determine an election contest involving a member of the Legislature—has been upheld.

■ A remittitur may be recalled and corrected by an appellate court when the clerk's entry of judgment for costs in the remittitur is improper, as where such entry is contrary to a constitutional provision (*San Joaquin etc. Irr. Co.* v. *Stevinson,* 165 Cal. 540 [132 P. 1021]), a statute (*Estate of Wallace,* 12 Cal.2d 476 [86 P.2d 95]; *Estate of Steehler,* 197 Cal. 67 [239 P. 718]), or rules on appeal (*Horan* v. *Varian,* 207 Cal. 7 [276 P. 1002]). Rule 26(b) provides: ". . . In the absence of . . . directions by the reviewing court the clerk shall enter on the record and insert in the remittitur a judgment for costs as follows: . . . (4) in the case of a reversal of the judgment, in whole or in part, with or without directions, for the appellant . . ." ■ The judgment for respondent having been reversed (because the trial court lacked jurisdiction to determine the election contest), and since the opinion did not make any provision for the awarding of costs, the clerk's entry on the remittitur ("Appellant to recover costs on appeal") was not incorrect, but literally follows Rule 26(b)(4), *supra.*

However, it is obvious that, in substance if not in form, respondent was in all respects the prevailing party on appeal, as well as in the trial court; that, had this court not overlooked the matter of costs on appeal, such costs would have been awarded to respondent. He should not be required to bear appellant's costs merely because of the fortuitous circumstance that the trial court decided in his favor on the merits, while this court sustained his contentions with respect to the jurisdictional question. The question presented, then, is whether this court may recall its remittitur in order to enter judgment for costs in favor of respondent. ■ The controlling principles concerning the recalling of a remittitur for reasons other

than clerical errors therein were set forth in *Rowland* v. *Kreyenhagen*, 24 Cal. 52, 59, as follows: ". . . as a general rule, this Court cannot exercise any jurisdiction over a cause in which the remittitur has been issued by its order and filed in the Court below . . .

"But this general rule rests upon the supposition that all the proceedings have been regular, and that no fraud or imposition has been practiced upon the Court or the opposite party; for if it appears that such has been the case, the appellate Court will assert its jurisdiction and recall the case. Against an order or judgment improvidently granted, upon a false suggestion, or under a mistake as to the facts of the case, this Court will afford relief after the adjournment of the term; and will, if necessary, recall a remittitur and stay proceedings in the Court below. This is not done, however, upon the principle of resumption of jurisdiction, but upon the ground that the jurisdiction of the Court cannot be divested by an irregular or improvident order." (See, also, *Isenberg* v. *Sherman*, 214 Cal. 722, 725 [7 P.2d 1006]; note, 23 Cal. L.Rev., 354; cases collected in 84 A.L.R. 591.)

Following these principles, it has been held that a remittitur may be recalled where the reviewing court was imposed upon by counsel (*Trumpler* v. *Trumpler*, 123 Cal. 248, 253 [55 P. 1008]), where the decision was predicated upon a mistake of fact by the appellate court (*In re Rothrock*, 14 Cal.2d 34, 38 [92 P.2d 634]; see, *Holloway* v. *Galliac*, 49 Cal. 149), or was improvidently rendered without due consideration of the facts of the case (*Municipal Bond Co.* v. *City of Riverside*, 138 Cal. App. 267, 288 [32 P.2d 661]; *cf. Haydel* v. *Morton*, 28 Cal. App.2d 383, 385 [82 P.2d 623]), or was the result of inadvertence on the part of the court (*In re Bill's Estate*, 7 Cal. Unrep. 174 [74 P. 704], [order reversing judgment inadvertently made when there was no appeal from the judgment]).

 In the present case the failure to provide for the recovery of costs by respondent in our original opinion was inadvertent; that matter was simply overlooked. A decision is inadvertent if it is the result of oversight, neglect, or accident, as distinguished from judicial error. (*Carter* v. *J. W. Silver Trucking Co.*, 4 Cal.2d 198, 205 [47 P.2d 733]; *King* v. *Emerson*, 110 Cal.App. 414, 421 [288 P. 1099, 294 P. 768].) It follows that the petition should be granted.

It is true that in several cases the appellate courts of this state have denied motions to recall remittiturs for the pur-

pose of awarding costs on appeal to the losing party. (*In re Levinson,* 108 Cal. 450, 459 [41 P. 483, 42 P. 479] ; *Paine* v. *Bank of Ceres,* 60 Cal.App.2d 621 [141 P.2d 219] ; *Petersen* v. *Civil Service Board,* 68 Cal.App. 752 [230 P. 196] ; *Crenshaw Bros. & Saffold* v. *Southern Pac. Co.,* 42 Cal.App. 44 [183 P. 208].) However, the grounds for recalling a remittitur were recognized and it was pointed out that the circumstances present in such cases did not warrant such a procedure. Thus, in the Levinson case, *supra,* it was said (p. 459) : ''When the remittitur has been duly and regularly issued, *without inadvertence,* we have no power to recall it. This court thereupon loses jurisdiction of the cause, except in a case of mistake, or of fraud or imposition practiced upon the court, neither of which elements appear in this case.'' (Emphasis added.) And in *Crenshaw Bros. & Saffold* v. *Southern Pac. Co., supra,* p. 47, the court said : ''It is not claimed that there was fraud, or that the court was imposed upon or that, by its judgment, it inadvertently failed to state which party should pay the costs of the appeal.'' The point decided in these cases was expressed in *Paine* v. *Bank of Ceres, supra,* p. 623, as follows : ''Normally, . . . the prevailing party is entitled to his costs on appeal as of course. If the losing party wants to urge that the appellate court should exercise its inherent power and deny costs to the prevailing party in the interests of justice he should normally urge such point before the appellate court has lost jurisdiction by the issuance of the remittitur.'' Such decisions are illustrative of the rule that a remittitur will not be recalled unless the matters relied upon by the moving party would have compelled a different result had they been considered by the reviewing court. (See, *De Baker* v. *Carillo,* 52 Cal. 473; *Ellenberger* v. *City of Oakland,* 76 Cal.App.2d 828, 833 [174 P.2d 461].) Moreover, in the cited cases it is apparent that the court did not fail to consider the matter of costs through inadvertence ; unlike the present case, the losing parties sought a judicial determination as to whether the interests of justice required a reapportionment of the costs. As has been pointed out, respondent McGee was not the losing party in any real sense. One of his contentions was sustained in every court.

The petition or motion to recall the remittitur is granted. It is ordered that the remittitur issued herein on February 10, 1951, be recalled, that the words ''Appellant to recover costs on appeal'' be stricken therefrom, that, for the words so

stricken, the provision that "Respondent to recover costs on appeal" be substituted, and that, as so amended, the remittitur be issued.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.