[No. B013763. Second Dist., Div. Four. Jan. 23, 1986.]

CALIFORNIA WAR VETERANS FOR JUSTICE et al.,
Plaintiffs and Appellants, v.
TOM HAYDEN et al., Defendants and Respondents.

**COUNSEL**

Victor E. Hobbs for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Henry G. Ullerich and John J. Crimmins, Deputy Attorneys General, Stein & Kahan, Stanton L. Stein, Samuel R. Pryor and Steven J. Rosenwasser for Defendants and Respondents.

## OPINION

McCLOSKY, J.—Appellants California War Veterans for Justice and Mickey R. Conroy appeal from an order (judgment) of dismissal of their complaint for declaratory, injunctive and extraordinary relief. The trial court sustained without leave to amend the demurrers by respondent Tom Hayden, member of the Assembly, 44th District, and respondents John K. Van de Kamp, Attorney General, and March Fong Eu, Secretary of State.

## CONTENTIONS

Appellants contend that "[t]he court erred in dismissing the complaint without leave to amend" and (2) "[i]f the complaint stated or suggested any cause of action or could have been amended to state a cause of action the court should have allowed plaintiff to amend." They have failed, however, to suggest how they would or could have amended their complaint to state a cause of action.

## FACTS

Appellants filed their complaint on October 31, 1984. In it they asked that the superior court disqualify Assemblyman Hayden from holding public office because of his "actions in support of North Vietnam against the United States during recent hostilities between these two countries" under article VII, section 9, of the California Constitution. Appellants also sought an injunction prohibiting respondents John K. Van de Kamp, March Fong Eu and Los Angeles County Registrar-Recorder Charles Weissburd from certifying the election results, swearing in, or disbursing money to Mr. Hayden if he were reelected and sought the return to the public treasury of the legislative salary theretofore paid him.[1]

---

[1]Respondents John K. Van de Kamp and March Fong Eu have asked pursuant to Evidence Code section 452, subdivision (g), that the court take judicial notice of the fact that Mr. Hayden was reelected to the Assembly on November 6, 1984, that the election results were certified by the Secretary of State, that Mr. Hayden was sworn in and that he is currently serving in the Assembly. We do so.

Appellants also prayed for a writ of mandate directing the Attorney General "to carry out his duty to see that the California Constitution is enforced."

Respondent Hayden filed his demurrer to the complaint on February 8, 1985; respondents Van de Kamp and Eu on February 15, 1985.

The trial court sustained both demurrers without leave to amend on March 7, 1985. In sustaining the demurrer of Van de Kamp and Eu, the court held, among other things, that it "has no jurisdiction to force the Secretary of State and Attorney General to perform duties that are exclusively duties of the Assembly" and that "it does not appear that plaintiffs are taxpayers within the meaning of section 526(a) CCP." Sustaining respondent Hayden's demurrer, the court held that jurisdiction over defendant's qualifications as an assemblyman belongs exclusively to the Assembly.

## DISCUSSION

### I

Appellants contend that "the court erred in dismissing the complaint without leave to amend" and "[i]f the complaint stated or suggested any cause of action or could have been amended to state a cause of action the court should have allowed plaintiff to amend."

■ "In determining the sufficiency of a complaint against a general demurrer, we consider the demurrer as admitting all material and issuable facts properly pleaded." (*Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137]; *King* v. *Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857].) In general, great liberality should be exercised in permitting the plaintiff to amend the complaint. It ordinarily is an abuse of discretion to sustain a demurrer without leave to amend if there is a possibility that the defect can be cured by amendment. (*Lemoge Electric* v. *County of San Mateo* (1956) 46 Cal.2d 659, 664 [297 P.2d 638]; *Scott* v. *City of Indian Wells, supra,* 6 Cal.3d at p. 549.) However, if it does not appear that under applicable substantive law there is any reasonable probability that the defects can be cured, there is no abuse of discretion in sustaining the demurrer without leave to amend for no amendment would change the result. (*Routh* v. *Quinn* (1942) 20 Cal.2d 488, 493 [127 P.2d 1].) (*Sackett* v. *Wyatt* (1973) 32 Cal.App.3d 592, 603 [108 Cal.Rptr. 219]; see also 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 945, pp. 379-380.)

## II

Appellants contend that "Mickey Conroy does pay taxes to the State of California and there are no cases that extend the prohibition created by CCP 526a beyond the governmental divisions enumerated therein."

That question and the question of appellants' standing to sue are questions we need not, and do not, decide in view of the completely dispositive nature of our decision contained in part III of this opinion.

## III

Appellants contend that " '[q]uestions relating to interpretations of Statutes are matters of law for the court.' (*Sierra County* v. *Nevada County* (1908) 155 Cal. 1, 99 P 371." They also maintain that "[t]he doctrine of separation of powers as set forth in Article III Section 3 . . . by itself doesn't prohibit the judiciary from passing on the qualifications of members of the legislature."

■ Under the California Constitution, as under the federal Constitution and the law of most states, the Legislature has sole jurisdiction to determine the qualifications of its members and the sole right to expel them from membership. Article IV, section 5 provides in pertinent part:

"Each house shall judge the qualifications and elections of its members and, by rollcall vote entered in the journal, two thirds of the membership concurring, may expel a member."

Article IV, section 5 was adopted on November 8, 1966. Its predecessor statutes, however, contained substantially the same provision.[2]

For over 100 years the California Supreme Court has consistently held that under the Constitution the courts have no jurisdiction to inquire into the qualifications of the members of the Legislature. In its first ruling on this issue, *People* v. *Metzker* (1874) 47 Cal. 524, the court held that "[i]t is settled beyond controversy, that those words of the Constitution[3] confer

---

[2]Article IV, sections 7 and 9 were adopted on May 7, 1879, and repealed on November 8, 1966.

Article IV, section 7 provided: "Each house shall choose its officers, and judge of the qualifications, elections, and returns of its members."

Article IV, section 9 provided: "Each house shall determine the rule of its proceeding, and may, with the concurrence of two-thirds of all the members elected, expel a member."

[3]The extant provision of the Constitution of 1849 was Article IV, section 8, which provided: "Each house shall choose its own officers and judge of the qualifications, elections, and returns of its own members."

upon each house the exclusive power to judge of and determine the qualifications, elections and returns of its own members; . . . The Court, therefore, had no jurisdiction of the action." (*Id.,* at pp. 525-526.)

After the adoption of the present California Constitution in 1879, the Supreme Court continued to rule that the judicial branch does not have jurisdiction to determine the membership in the Legislature. In *French* v. *Senate* (1905) 146 Cal. 604 [80 P. 1031], four members of the state Senate were expelled for malfeasance in office. They petitioned the Supreme Court for writ of mandate to compel the Senate to reinstate them. (*Id.,* at p. 605.) The court sustained a general demurrer to the petition, holding that it had no jurisdiction over the dispute.

"Under our form of government the judicial department has no power to revise even the most arbitrary and unfair action of the legislative department, or of either house thereof, taken in pursuance of the power committed exclusively to that department by the constitution. . . . By article III of the constitution it is provided that one department of the state shall not exercise the functions of either of the other departments except as in that instrument, expressly directed and permitted. There is no provision authorizing courts to control, direct, supervise, or forbid, the exercise by either house of the power to expel a member. These powers are functions of the legislative department, and therefore in the exercise of the power thus committed to it the senate is supreme. An attempt by this court to direct or control the legislature, or either house thereof, in the exercise of the power, would be an attempt to exercise legislative functions, which it is expressly forbidden to do." (*Id.,* at pp. 606-607.)

In *Allen* v. *Lelande* (1912) 164 Cal. 56 [127 P. 643], the court denied a petition for a writ of mandate to order the Los Angeles County Clerk to strike the name of the candidate for the state Assembly from the ballot because of alleged nonresidency, stating "[f]or this court to undertake to try the question of eligibility and to deprive the candidate of any chance to be elected, would simply be to usurp the jurisdiction of the assembly." (*Id.,* at p. 57.)

The California Supreme Court's last decision on the question of whether the judiciary has jurisdiction to determine the qualifications of members of the legislative branch is *In re McGee* (1951) 36 Cal.2d 592 [226 P.2d 1]. In that case a Democratic candidate challenged the nomination of a Republican candidate who won the nomination of both parties for the Assembly. At that time then extant Elections Code sections 8600 and 8603 (later repealed) provided that any candidate in the primary could contest the nomi-

nation of another candidate for the same office by filing an action in the superior court. (*Id.,* at pp. 592-593.)

The Supreme Court in deciding the conflict between the statutes and the Constitution held that the Constitution, under article IV, section 7, "confers exclusive jurisdiction on the Legislature to judge the qualifications and elections of its members." (*In re McGee, supra,* 36 Cal.2d at p. 594.)

The court in *In re McGee, supra,* 36 Cal.2d 592, also noted that "[t]he overwhelming weight of authority under identical federal and state constitutional provisions is in accord." (*Id.,* at p. 595.)

The parallel provision of the United States Constitution is article I, section 5, which provides in pertinent part: "Each House shall be the Judge of the Elections, Returns, and Qualifications of its own Members, . . ." The United States Supreme Court in *Reed* v. *County Commissioners* (1927) 277 U.S. 376 [72 L.Ed. 924, 48 S.Ct. 531], held that under Article I, section 5, the Senate "is the judge of the elections, returns and qualifications of its members. . . . It is fully empowered, and may determine such matters without the aid of the House of Representatives or the Executive or Judicial Department." (*Id.,* at p. 388 [72 L.Ed. at p. 926]; see also *Barry* v. *U. S. ex rel. Cunningham* (1929) 279 U.S. 597 [73 L.Ed. 867, 49 S.Ct. 452].)

Appellants cite 5 Witkin, Summary of California Law (8th ed. 1974) Constitutional Law, section 84, page 3320: "Generally speaking, the Legislature has exclusive constitutional jurisdiction to determine the qualifications of its members. [Citation.] But the power is not unlimited." Witkin cites two limitations. They are: (1) "Conditions violative of First Amendment protections are invalid. (See *Bond* v. *Floyd* (1966) 385 U.S. 116 . . ."; and (2) "Qualifications beyond those specified in the Constitution may not be imposed." (*Powell* v. *McCormack* (1969) 395 U.S. 486 [23 L.Ed.2d 491, 89 S.Ct. 1944].) Neither such limitation is involved in the case at bench.

Appellants do not cite *Powell* or *Bond.* They instead cite *Jones* v. *Mc-Collister* (1958) 159 Cal.App.2d 708 [324 P.2d 639], as "[t]he one case that speaks of the possible judicial arrogate from the legislature of this power . . . ." Appellants have misread *Jones.* Citing *In re McGee, supra,* 36 Cal.2d 592, the *Jones* court held: "Finally, as to the office here in issue, the Assembly is the sole and exclusive judge of the 'qualifications, elections, and returns of its members.' (Cal. Const., art IV, § 7; *In re McGee,* 36 Cal.2d 592 [226 P.2d 1].)" (*Jones* v. *McCollister, supra,* 159 Cal.App.2d at p. 712.)

Appellants mistakenly rely on article VII, section 9 of the California Constitution which reads in the part pertinent to this case: "Notwithstanding any other provision of this Constitution, no person . . . who advocates the support of a foreign government against the United States in the event of hostilities shall: [¶] Hold any office or employment under this State, . . ."

Appellants contend that this language supersedes all other provisions with which it may conflict. Assuming arguendo that that is true, that does not conflict with, or overcome the constitutional provision that the resolution of the questions of the qualifications and fitness of its members to serve shall be determined exclusively by the legislative house and not by the courts. (Art., IV, § 5.)

Appellant Conroy petitioned the Assembly in 1983 to remove Assemblyman Hayden from office. Appellant did not receive the relief he sought. It is unequivocally clear that under article IV, section 5 of the California Constitution, appellants cannot successfully seek relief in the courts. (*People* v. *Metzker, supra,* 47 Cal. 524; *French* v. *Senate, supra,* 146 Cal. 604; *Allen* v. *Lelande, supra,* 164 Cal. 56; *In re McGee, supra,* 36 Cal.2d 592.)

Under the same constitutional principle of separation of powers, appellants are foreclosed from attempts to prohibit the Attorney General or the Secretary of State or the County Registrar-Recorder from certifying the election results, swearing in, or disbursing money to Assemblyman Hayden or interfering in the Legislature's determination of the qualifications, fitness and elections of its members.

Appellants, in somewhat incomprehensible language, seem to invite us to issue an advisory opinion. They state in their appellants' opening brief:

"The court could grant declaratory relief on the issue of Assemblyman TOM HAYDEN perjured statements on his AFFIDAVIT OF NOMINEE, DECLARATION OF CANDIDACY to inform the Attorney General that a crime may have been committed, inform the electorite [*sic*] that TOM HAYDEN is not qualified to hold office or employment in the State of California, or inform the legislature that Assembly [*sic*] TOM HAYDEN is not qualified to hold office and let the legislature take whatever action they deem appropriate.

"Courts have tradionally [*sic*] operated with limits to their powers, merely because a court is subject to jurisdictional limits entirely emasculate the jurisdictional power of the court. There are no courts in the 51 jurisdictions that encompass these United States that are of unlimited jurisdictions. If the general rule is unlimited jurisdiction then the exception has devoured the rule."

If that language constitutes an invitation to us to issue an advisory opinion to the Legislature, the executive branch or any one else, we must decline the invitation, for we have power only to adjudicate actual controversies, not to issue advisory opinions.

## IV

Respondent Hayden contends that he is "entitled to damages for having to respond to a frivolous appeal." He seeks damages in the amount of $15,000 or whatever amount the court deems just.

Code of Civil Procedure section 907 provides: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."

The Supreme Court in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179], held that an appeal is frivolous either "when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputedly has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*Id.*, at p. 650.)

The law on jurisdiction of the courts to disqualify members of the Legislature is unequivocal. For over 100 years the California Supreme Court has consistently ruled that the Legislature has exclusive jurisdiction. The overwhelming authority of the states of the United States and of the federal law is to the same effect. Appellants raised no meritorious arguments to challenge these holdings.[4]

This appeal, and indeed the whole suit to this stage, might well be viewed by this court as patently frivolous in contrast to simply lacking merit. We are aware that sanctions may properly be imposed in a case even though it involves political controversy. Yet, we are mindful that the chilling effect of sanctions should be avoided wherever possible, especially in a suit involving controversy over political office. Accordingly, the request for sanctions is denied.

---

[4]California Rules of Court, rule 26(a) provides in pertinent part: "Where the appeal is frivolous or taken solely for the purpose of delay . . . the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require."

The order (judgment) is affirmed.

Woods, P. J., and Arguelles, J., concurred.