[S. F. No. 5672. In Bank.—August 25, 1910.]

In the Matter of the Contest by CHARLES P. SNYDER of the right of John Hancock to be declared to be the Nominee of the Republican Party for the office of District Attorney of Calaveras County.

PRIMARY ELECTIONS—PROCEEDING TO DETERMINE RIGHT TO BE NAMED AS NOMINEE ON OFFICIAL BALLOT—SUPREME COURT WILL NOT ENTERTAIN PROCEEDING.—The supreme court will not entertain an original proceeding under section 27 of the Primary Nomination Law, (Stats. 1909, p. 709), to determine which of two opposing candidates at a primary election is entitled to have his name appear on the official ballot as a party nominee for a county office.

ID.—JURISDICTION OF SUPERIOR COURTS—JUDGMENT NOT APPEALABLE.— The jurisdiction of the superior courts in their respective counties, in such class of contests, is as complete as the jurisdiction of the supreme court, and as there is no provision for an appeal, their judgments are final when entered. There is therefore nothing to justify the commencement of the proceeding in the supreme court.

PROCEEDING under the Primary Nomination Law to determine which of two opposing candidates at a primary election was entitled to have his name inserted on the official ballot as a party nominee for the office of district attorney of Calaveras County.

The facts are stated in the opinion of the court.

George F. Snyder, and J. P. Snyder, for Contestant.

BEATTY, C. J.—At the recent primary election the petitioner and John Hancock were opposing candidates for the Republican nomination for the office of district attorney of Calaveras County. The result of the canvass as declared by the board of supervisors was that six hundred and twelve votes had been cast for Hancock and only six hundred and ten for petitioner, and in consequence the clerk will print the name of Hancock on the official ballot to be voted at the approaching election unless restrained. The substance of the further allegations of the petition is that there are thirty-four election precincts in Calaveras County, and that owing to misconduct of the precinct officers one or more votes in every precinct were counted for Hancock that ought to have been counted for petitioner, wherefore he prays for a recount by this court of all the ballots cast in Calaveras County, and for all other orders necessary to secure for him the right to have his name instead of Hancock's printed on the official ballot as the Republican nominee for district attorney.

The reason alleged for bringing the contest before the supreme court as an original proceeding is that if it were heard by the superior court of Calaveras County and there determined in favor of the petitioner, the contestee might, by taking an appeal, which could not possibly be determined before the time for printing the ballots, cause a failure of justice.

In disposing of the petition we do not find it necessary to consider any other question than the sufficiency of the reason assigned for commencing the contest in this court. It is instituted, of course, in supposed conformity to the provisions of section 27 of the Primary Nomination Law (Stats. 1909, p. 709), which in terms assumes to confer upon this court, the district court of appeal, and the superior court of the proper county, a concurrent jurisdiction to correct in a summary proceeding all errors, omissions, misconduct, or neglect of duty of any of the officers concerned in the preparation of the official ballot. According to the terms of the act the jurisdiction of the superior courts in their respective ("the proper") counties is just as extensive and complete as the jurisdiction of the supreme court, and as there is no provision for an appeal in this class of contests their judgments are final when entered. There is therefore nothing to justify

the commencement of the proceeding in this court. Any other construction of the Primary Nomination Law would involve the most absurd results. Every contest of a close election for any county, township, or municipal office throughout the state, to be effective, would have to be waged in this court, and probably very few could be determined between the canvass of the votes cast at the primary election and the date of the general election, and the time of the court, which scarcely suffices for the due consideration of causes within our constitutional jurisdiction, would be occupied for many weeks in the merely clerical task of counting ballots and tallying votes.

The petition is dismissed without prejudice to an original proceeding in the superior court of Calaveras County, which we hold to be the "proper county" within the meaning of the statute.

Angellotti, J., Lorigan, J., and Henshaw, J., concurred.