[L. A. No. 21809. In Bank. Jan. 17, 1951.]

JOSEPH L. CALL et al., Petitioners, v. WALTER C. PETERSON, as City Clerk, etc., Respondent.

Herman F. Selvin and Loeb & Loeb for Petitioners.

Ray L. Chesebro, City Attorney, and Roger Arnebergh, Assistant City Attorney, for Respondent.

GIBSON, C. J.—Petitioners, judges of the Municipal Court of the City of Los Angeles whose terms of office expire June 30, 1951, seek a writ of mandate to compel respondent city clerk to take the necessary steps for the election of judges to that court at the city election to be held in 1951 pursuant to the Municipal Court Act of 1925. (2 Deering's Gen. Laws, Act 5238.) That act provides that the election laws of the city in which a municipal court is established shall be applicable to the judges of that court.

Under the Los Angeles city charter the primary election will be held on the first Tuesday in April, and the general municipal election on the last Tuesday in May, 1951. The charter requires nominating petitions to be filed at least 45 days before the primary election, and a city ordinance provides that, as a condition to the issuance of nominating petitions, a candidate shall file with the city clerk, on a form prepared and furnished by the clerk, a signed declaration of intention to become a candidate. Respondent has refused to prepare and furnish these forms, claiming that by virtue of the amendment of section 11 of article VI of the Constitution in November, 1950, and the enactment of the Municipal and Justice Court Act of 1949 (1 Deering's Gen. Laws, Act 1880), petitioners are to be continued in office until their successors have been elected at the general state election to be held in 1952.

Section 11 of article VI as amended in 1950 establishes a new system of municipal and justice courts in this state. It provides, however, that each existing court shall continue to function as presently organized until the first selection and qualification of the judge or judges of the new court by which it is superseded, and that judges of municipal courts heretofore established pursuant to general law shall continue in office during the terms for which they were elected or appointed and until their successors are elected and qualify.

Supplementary legislation required to put the system into operation was enacted in 1949 and was validated and made effective by the 1950 amendment. (1 Deering's Gen. Laws, Act 1880.) This legislation provides in some instances for the automatic succession of incumbent judges as the method for the first selection of judges of the new courts, and in those

instances the new system will begin to function on January 1, 1952. (Act 1880, §§ 2, 3.) Where automatic succession does not occur, the existing courts will continue to function until the judges of the new courts are elected at the general state election in 1952 and qualify for office. (Act 1880, § 2.) The primary is included in the general state election, and a judge may, of course, be elected at the primary. (See Cal. Const., art. II, §§ 2½, 2¾; art. VI, § 6; Elec. Code, §§ 950, 951; Deering's Gen. Laws, Act 1880, § 8.)

 It is clear that there will be automatic succession of judges in the Municipal Court of the City of Los Angeles and that insofar as that court is concerned the system goes into effect on January 1, 1952. Until that time the election of judges is governed by the Municipal Court Act of 1925 and by article VI of the Constitution as it read prior to amendment in 1950. Although the 1949 act became effective upon the adoption of the constitutional amendment, provision is made for a period of transition during which the reorganization will take place. The procedure adopted by the amendment and supplementary legislation is similar to that used when new courts were created in 1862. In commenting on that reorganization this court said (*In the Matter of Oliverez*, 21 Cal. 415, 418), "there is no incongruity or inconsistency in the amendments taking effect at once, so far as to authorize the necessary measures to be taken for the organization of the new Courts, while the former provisions continue in force so far as to uphold the existing Courts . . . until the new Courts shall be prepared to exercise the jurisdiction intended to be substituted. The old provisions will cease to have effect, from time to time, as the substituted provisions commence to operate."

 The judges elected at the city election in 1951 will automatically succeed to judicial positions in the new or superseding municipal court on January 1, 1952, and will serve for the balance of the six-year terms for which they are elected. (Art. VI, § 11; 1 Deering's Gen. Laws, Act 1880, § 8.) At the close of their six-year terms in 1957 these judges will be continued in office until their successors have been elected at the general state election in 1958 and have qualified. This follows from the provision of section 8 that if the time fixed for the election of the successor of an incumbent municipal court judge is at a time when no general state election is held, "such judge shall continue to hold office until his successor has been

602

elected and qualifies, said election to be held at the general state election next succeeding the expiration of his term."

Similarly, other incumbent judges of the Municipal Court of the City of Los Angeles will automatically become judges of the superseding municipal court on January 1, 1952, and they will not only serve for the remainder of the terms for which they were elected or appointed, but they will also continue to serve thereafter until their successors are elected at the first general state election following the expiration of their terms and have qualified.

Let the peremptory writ issue forthwith as prayed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.