[Civ. No. 16453.   First Dist., Div. Two.   Oct. 11, 1954.]

JOHN C. DORAN, Appellant, v. EUGENE W. BISCAILUZ, Respondent.

Daniel L. Rothman and Robert H. Green for Appellant.

Frank P. Doherty and Frank W. Doherty for Respondent.

NOURSE, P. J.—This is an appeal from a judgment entered in favor of the defendant in an action instituted to contest his right to the office of sheriff of Los Angeles County to which he had been declared elected in the primary election held on June 8, 1954.

The appellant and the respondent were candidates for the office of sheriff and their names appeared on the ballot in the primary election. After respondent, because he received a majority of all the votes cast at the election, was declared elected by reason of the provisions of article II of section 2¾ of the California Constitution, appellant, who received the second largest number of votes cast, instituted contest proceedings by filing an affidavit with the superior court. Appellant's ground of contest was that respondent, because of his age and because of the retirement provisions of the retirement system of which he is a member, is not qualified to be a candidate for the office of sheriff.

The facts as found by the trial court are as follows:

Respondent became 70 years old on March 12, 1953. He has been sheriff of Los Angeles County continuously since December 1, 1932. His present term of office expires on

December 6, 1954, the date upon which the term for which he was elected on June 8 will commence.

On April 5, 1935, respondent became a member of the Peace Officers Retirement System and continuously remained a member until Los Angeles County adopted the County Employees Retirement Law as amended in 1951, which was designed to consolidate the various county employee retirement systems. Thereafter respondent received a letter from the Los Angeles County Treasurer informing him that the Peace Officers Retirement System and the Forester, Firewardens and Firemen's Retirement System were about to be abolished, that the members of the two systems would become members or safety members of the Los Angeles County Employees Retirement System, dependent upon their election. The letter then requested that respondent elect the membership which he desired. On December 17, 1951, respondent notified the county treasurer that he elected not to become a safety member.

According to the statements of the parties in their briefs Los Angeles County in 1934 adopted the Peace Officers Retirement System. By County Ordinance No. 3008 the county adopted the County Employees Retirement Law of 1937 which is found in Government Code, part 3, chapter 3, section 31450 et seq. In 1951 the California Legislature amended the County Employees Retirement Act of 1937 in order to bring within one system the Peace Officers, Fire Officers and County Employees Retirement Systems. Los Angeles County by Ordinance No. 5806 adopted the amended statute.

The court found that respondent was not a safety member under the provisions of section 31558 of the California Government Code, or Ordinance 5806, or any other laws of the State of California; that he was not subject to compulsory retirement under the retirement system of which he is a member; that he was exempt from any of the compulsory retirement provisions contained in the laws of the State of California and Ordinance 5806; and that respondent was eligible and qualified to serve as sheriff of Los Angeles County.

Two issues have been presented for the decision of this court by the parties to the appeal; the first is: Did respondent's membership in the County Employees Retirement System subject him to compulsory retirement on December 6, 1954, the last day of his present term?

Appellant's position is that respondent is a safety member of the County Employees Retirement System as defined in

Government Code, section 31469.3; that he is subject to mandatory retirement provisions applicable to safety members who are elective officers; that he must retire at the end of the first term which expires on a date following his seventieth birthday (his present term) as required by Government Code, section 31662.8; and that he was, therefore, ineligible to be a candidate for reelection to the office of sheriff.

Section 31662:8 provides: ''Every safety member holding an elective office shall be retired at the end of the first term to which he is elected which expires on a date following his seventieth birthday, except that if the term expires within two years after the date on which a retirement system becomes operative or prior to January 1, 1954, whichever is later, he shall be retired at the end of the next term to which he is elected.''

Respondent, on the other hand, argues that he is merely a member, not a safety member, of the County Employees Retirement System; that he is subject to the retirement provisions applicable to members of the retirement system who are elective officers but not safety members (Gov. Code, § 31671.6); and that he cannot be compelled to retire before the end of the term of office to which he has been elected at the primary election.

Section 31671.6 of the Government Code provides:

''In any county subject to the provisions of Section 31676.1 every officer holding an elective office shall be retired at the end of the first term to which he is elected which commences on a date following his seventieth birthday.''

A reading of section 31469.3 indicates that the alternative subsection applicable to respondent is subsection (a); that subsection accords the eligible individuals an election to become safety members. Respondent being a member of the County Peace Officers Retirement System is a ''member of a pension system established pursuant to either Chapter 4 or Chapter 5.'' (Chapter 4 provides for the establishment of the County Peace Officers Retirement System and chapter 5 of the Government Code provides for the establishment of the County Fire Service Retirement System.) Subdivision (b) of section 31469.3 must have been intended to apply only to persons who initially became subject to County Employees Retirement System by a method other than by originally being members of pension systems established pursuant to either chapter 4 or chapter 5. County employees eligible to become members of the County Peace Officers Retirement System

(chap. 4; Gov. Code, §§ 31904, 31904.5) or to become members of the County Fire Service Retirement System (Gov. Code, chap. 5, § 32204) are described in language nearly identical to that used to describe those eligible to become safety members (Gov. Code, §§ 31470.2, 31470.4). It would appear that the Legislature intended by its disjunctive separation of subsection (a) from subsection (b) in section 31469.3 to distinguish between employees who were members of an existing pension system at the time that the County Employees Retirement System was adopted and employees who either belonged to no retirement system at the time that the present system was adopted or who joined the service of the county subsequent to the date of the adoption of the County Employees Retirement System.

The language of Government Code, section 31558, reinforces the conclusion that members of the preexisting County Peace Officers and County Fire Service retirement systems were not intended to be made compulsory safety members, but were instead intended to be given an election in that regard.

Government Code, section 31558, provides as follows:

"All existing members of a pension system established pursuant to either Chapter 4 or Chapter 5 and all employees eligible as safety members who at the time of entering service elected to·become members of this system who, on or before December 31, 1951, elect by written notice filed with the board to become safety members, shall become safety members on January 1, 1952, and thereafter each person not over 35 years of age when entering county service, whose principal duties consist of active law enforcement or active fire suppression, as defined in Sections 31469.3, 31470.2, and 31470.4, shall become a safety member on the first day of the calendar month following the expiration of 30 days after his entrance into the service. The sheriff or undersheriff shall become a safety member on the first day of the calendar month following the expiration of 30 days after his entrance into the service, regardless of age."

Respondent's situation is covered in the initial phrases of the first sentence of the section and not, as appellant contends, by the last sentence. The last sentence was not intended to remove sheriffs and undersheriffs who were members of an existing retirement system from the operation of the first portion of the first sentence of the section, nor to deny their right of election.

The second issue presented on this appeal is found in

respondent's argument that appellant should not have brought his action under Elections Code, sections 8600-8656, for the reason that those sections describe the procedure to be followed in contesting a nomination not an election to office. He is supported in his argument by the case of *McClintock* v. *Abel* (1937), 21 Cal.App.2d 11, 16 [68 P.2d 273], which held that the procedure for contest of a nomination prescribed by the then applicable statute, the Direct Primary Law, did not control the situation where a candidate was elected to office at the primary election. If appellant was incorrect in proceeding under Elections Code, sections 8600-8656, relating to the contest of a primary election, his remedy must then have been under Elections Code, sections 8500-8576, describing the procedure for contest of general elections. The Legislature could not have intended that a contestant to an election where a candidate was elected to office at the primary election be without remedy. On the contrary, the Legislature has demonstrated its intent to provide a comprehensive system for the contest of elections. In *McClintock* v. *Abel,* 21 Cal.App.2d 11, 16 [68 P.2d 273], the court stated that: "The effect of section 2¾ of article II of the Constitution has been to transmute a primary election held for the purpose of nominating candidates, into a general election of those nonpartisan officers receiving in the primary a majority of all votes cast for their respective offices."

█ An elector may contest a general election on the ground that the person who has been declared elected to an office was not at the time of the election eligible to that office. (Elec. Code, § 8511, subd. (b).) █ The procedure to be followed in the contest is set out in Elections Code, sections 8530 and 8531. The procedure which appellant followed would appear to comply with the requirements of these sections with these exceptions: a verified statement is required, while appellant filed an affidavit; the statement must be filed with the county clerk, while appellant filed his affidavit in the superior court; appellant has failed to name the correct sections of the Elections Code under which he is proceeding as required by Elections Code, section 8530, subdivision (d). These irregularities, however, may not be fatal to the maintenance of appellant's action as a general election contest.

█ Under Elections Code, section 8533, a statement of the grounds of contest shall not be rejected, nor the proceedings dismissed by any court, for want of form, if the grounds of contest are alleged with such certainty as will advise the de-

fendant of the particular proceeding or cause for which the election is contested. (See *Chatham* v. *Mansfield* (1905), 1 Cal.App. 298 [82 P. 343].)

■ *Crawford* v. *Dunbar* (1877), 52 Cal. 36, 41, cited by respondent, holds clearly that an unsuccessful candidate at an election cannot be held to have been elected when the successful candidate is found to be ineligible. That case was decided before the day of the general primary when, under that law, a successful candidate is "elected." A contest of such election, like a successful contest of a general election, results in a vacancy in the office. (Elec. Code, § 8576.) ■ Hence the appellant stands here merely in the capacity of a private citizen contesting the "election" of the respondent. All the allegations in his complaint relating to his participation in the primary election are surplusage and should have been stricken. The sole issue is whether the respondent is eligible to assume the duties of the office for the ensuing term. Though the appellant has not complied strictly with the code provisions, we prefer to base our judgment on the first ground stated, i.e., that the eligibility of the respondent to the office of sheriff was correctly determined.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 9, 1954. Carter, J., was of the opinion that the petition should be granted.