[Civ. No. 21611.   Second Dist., Div. One.   Feb. 6, 1956.]

JOHN L. DONNELLAN, Petitioner, v. BENJAMIN S. HITE, as Registrar of Voters etc., Respondent.

Frank & Riley and Earl F. Riley for Petitioner.

William Christensen, Assistant County Counsel (Orange), as Amicus Curiae on behalf of Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), William E. Lamoreaux and Alfred Charles DeFlon, Deputy County Counsel, for Respondent.

NOURSE (Paul), J. pro tem.*—Petitioner seeks a writ of mandate to compel the respondent, as registrar of voters of the county of Los Angeles, to omit from the official ballot to be printed and prepared by respondent for use by the electors at the primary election to be held in the State of California on June 5, 1956, and from any ballot prepared by him prior to that to be used at the primary election to be held in June of 1958, the office now held by petitioner, to wit: judge of the Municipal Court of the Whittier Judicial District. Respondent has filed a general demurrer to the petition, thus admitting the truth of the facts alleged in the petition. Succinctly stated, the facts alleged are:

On January 1, 1952, the Municipal Court of the Whittier

*Assigned by Chairman of Judicial Council.

Judicial District, County of Los Angeles, State of California, was duly and regularly established and had but one office of municipal judge. The Legislature, at its regular session in 1955, amended section 72602 of the Government Code so as to provide for one additional office of judge of the municipal court of that judicial district; that amendment became effective on September 7, 1955.

On September 13, 1955, petitioner was appointed by the governor to fill the office created by said amendment and is now the duly appointed and qualified holder of said office. Respondent will, unless otherwise ordered by this court, place on the official ballot to be voted in the Whittier Judicial District in the primary election to be held on the 5th day of June, 1956, the office which petitioner now holds.

Upon the filing of the petition here we issued an alternative writ to which, as we have stated, respondent has made his return by filing a demurrer to the petition. ■ Upon further consideration of the matter we have come to the conclusion that petitioner is not entitled to a writ of mandate in this matter inasmuch as he has a plain, speedy and adequate remedy at law. (Code Civ. Proc., § 1086; *Communist Party* v. *Peek,* 20 Cal.2d 536, 539 [127 P.2d 889]; *Phelan* v. *Superior Court,* 35 Cal.2d 363, 365, 366 [217 P.2d 951].) Petitioner has a speedy and adequate remedy at law under section 2900 of the Elections Code which provides, in substance, that whenever it is made to appear to the Supreme Court, District Court of Appeal, or superior court of the proper county that an error or wrongful act is about to occur in the printing of an official primary election ballot the court shall order the office or person charged with the error or wrongful act to correct the error or desist from the wrongful act. This remedy is a speedier and more adequate remedy than would be a writ of mandate inasmuch as no appeal lies from an order made pursuant to section 2900 and such an order is final upon entry. (*Matter of Snyder,* 158 Cal. 218 [110 P. 820].)

■ This does not mean that this proceeding must be dismissed. The petition here is verified and we will treat it as a proceeding brought pursuant to section 2900 of the Elections Code and the alternative writ heretofore issued as an order to show cause issued pursuant to that section. Counsel for all parties, at the oral argument, stipulated to this course of action.

There is but one question to be resolved on this appeal, to wit: is the office of which the petitioner is now the incumbent, by appointment, to be placed on the ballot at the presidential primary election to be held on June 5, 1956?

We have come to the conclusion that this question must be answered in the negative. ██ The matter of the election of successors to the person appointed to fill a vacancy in the office of municipal judge, which vacancy occurs through the creation of the office, is governed by the provisions of section 71180 of the Government Code. That section, so far as pertinent to the question before us, reads as follows: "Any vacancy in the office of judge of a municipal court shall be filled by appointment by the Governor. . . . If the office to which any person so appointed was not previously occupied, he shall hold office until his successor is elected at the general state election next succeeding the occurrence of the vacancy and qualifies. *No successor to such appointee shall be elected at any election held within 10 months of the date of the occurrence of the vacancy.*" (Emphasis added.)

It is apparent from a reading of the last and emphasized sentence of the section that it contemplates that no general election, as distinguished from a nominating election, shall be held within 10 months of the creation of the vacancy for the purpose of electing a successor to a person appointed to that vacancy. Since the adoption of section 2¾ of article II of the Constitution the primary election has been, in legal effect, insofar as nonpartisan offices are concerned, a general as distinguished from a nominating election. (*DeWoody* v. *Belding,* 210 Cal. 461, 464 [292 P. 265]; *McClintock* v. *Abel,* 21 Cal.App.2d 11, 16 [68 P.2d 273].)

Under the provisions of section 2¾ of article II a candidate for a judicial or other nonpartisan office who secures a majority of the votes cast for that office at the primary election is elected. Experience has shown that in the large majority of cases a judicial office is filled at the primary election and these elections will, except in the unusual case of an office being created at an extra session of the Legislature in an uneven-numbered year, always be held within 10 months of the effective date of any act creating a new office of municipal judge.[1]

---

[1]While it may be possible, it is highly improbable that the Legislature would adjourn at a date which would make it possible for any bill other than an urgency bill passed by it to become effective more than 10 months before the earliest date upon which a primary election might be held, to wit: June 1 of the next year.

It is not reasonable to suppose that when the Legislature said that a successor to an appointee to a vacancy such as that here should not be elected at *any election* held within 10 months of the date of the occurrence of the vacancy that it did not intend to include a primary election which is in legal effect a general election.

It is argued that the Legislature must have intended to exclude the primary election from the prohibition of the last and emphasized sentence of the section because if the office is not placed on the ballot at that election the result will be, what has been aptly termed by Mr. Justice Spence in his concurring opinion in *French* v. *Jordan,* 28 Cal.2d 765, 771 [172 P.2d 46], a "hit-and-miss, slipshod, irregular election." The argument is that a successor to the appointee must be elected in the year following the creation of the vacancy because under the third sentence of the section the term of the appointee is only until such time as a successor is elected "at the general state election next succeeding the occurrence of the vacancy and qualifies." This being so, the argument goes, the office will have to be placed upon the ballot at the November election and the only persons who can be candidates at that election will be persons who are able to file independent nominating petitions pursuant to the provisions of chapter 3 of division V of the Elections Code, and those whose names are written in pursuant to the provisions of section 5710 of that code.

█ Assuming that the third sentence of the section must be given the meaning and effect that we have just stated, that cannot affect the conclusion we have reached that the office cannot be put upon the primary ballot; for as we have shown, the fourth sentence, by its express terms prohibits the office being placed upon that ballot and if we were to hold otherwise we would be in effect repealing that part of the section. This we have no power to do.

█ We do not believe, however, that the section read as a whole does require the office to be placed upon the November ballot. The primary election is an integral part of the election process (*In re McGee,* 36 Cal.2d 592, 597 [226 P.2d 1]; *Call* v. *Peterson,* 36 Cal.2d 599, 601 [226 P.2d 329]) and it should not be held that it was the intent of the Legislature to do away with this part of the election process in the filling of vacancies such as the one involved here, if any other interpretation can be placed upon the section as a whole.

While the inference may be drawn from the third sentence of this section that the Legislature intended that there must be an election for the office at the general election held in November, it does not expressly so provide. On the contrary, we believe that the true meaning of the section read as a whole is, when applied to facts such as those in the pending matter, that the appointee shall hold office until his successor is elected at an election where the full elective processes (i.e., both primary and general elections) were available after more than 10 months from the date the vacancy occurred.

We are cognizant that it is the general principle of our democratic method of government that elective offices should be subject to being filled by the people at the earliest practical time; but that principle is qualified by the further principle that the right of suffrage should be exercised through the full elective process in a well-considered and deliberate election. (*French* v. *Jordan,* 28 Cal.2d 765, 774 [172 P.2d 46] ; *Communist Party* v. *Peek,* 20 Cal.2d 536, 542 [127 P.2d 889].)[2]

This construction does not leave the third sentence meaningless but leaves it applicable to all cases where the vacancy is created more than 10 months before the next primary election. Such a vacancy will occur if the Legislature at an extra session held in an uneven-numbered year creates an office of municipal judge, or if such an office is created at a regular session by an urgency measure.

The respondent, Benjamin S. Hite, as registrar of voters of the county of Los Angeles, State of California, is ordered to omit from the ballot to be voted on at the presidential primary election to be held on the 5th day of June, 1956, the office of municipal judge for the Whittier Municipal Court District, which office was created by the act amending section 72602 of the Government Code, which act became effective September 7, 1955.

White, P. J., and Fourt, J., concurred.

---

[2]That the electors would be very limited in their choice of persons to fill the offices in question here is demonstrated by the fact that an independent nominating petition would, in the judicial district involved here, have to contain the signatures of more than 2,500 qualified electors. We are so advised by respondent.