Filed 2/28/17

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| FIRENZA PINI, | C082963 |
| Plaintiff and Appellant, | (Super. Ct. No. 16CV068) |
| v. | |
| JOHN FENLEY, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Trinity County, Elizabeth W. Johnson, Judge. Reversed with directions.

Benbrook Law Group, Bradley A. Benbrook and Stephen M. Duvernay for Plaintiff and Appellant.

Churchwell White, Steven G. Churchwell, Barbara A. Brenner, and Nubia I. Goldstein for Defendant and Respondent.

1

Defendant John Fenley was elected to the Trinity County Board of Supervisors by obtaining a majority of votes in the June 7, 2016 election. Contestant Firenza Pini filed a contest in the superior court 20 days after certification of the final canvass, alleging mistakes, errors, and misconduct in counting the ballots. The superior court, treating the contest as involving a primary election, summarily dismissed the contest because it was filed more than five days after certification of the final canvass. We reverse. Because Fenley was elected by a majority of votes, and not merely nominated, Pini had 30 days after certification of the final canvass to file her contest.

BACKGROUND

John Fenley ran for the District 5, Trinity County Board of Supervisors seat on June 7, 2016. According to the official canvass, Fenley received 380 votes, which was 28 more votes than his opponent. Having received a majority of votes cast in the June election, the "body canvassing the returns" declared Fenley the winner on June 27, 2016, without a runoff. The official canvass was certified on July 6, 2016.

Pini, representing herself and acting as an elector in the supervisorial district, filed a verified statement of election contest on July 26, 2016. She cited sections 16400, 16401, subdivision (d), and 16460 of the Elections Code and alleged that there was "mistake, error or misconduct in the counting of the ballots in the elections" because (1) "[u]p to 110 'vote-by-mail' and/or provisional ballots received by the Registrar of Voters were not processed and counted and should have been processed and counted in the contested election," (2) "[a]n unknown number of ballots[] of qualified, 'permanent vote-by-mail voters' were not processed and[/]or counted," (3) "the precinct board in conducting the election or in canvassing the returns, made errors sufficient to change the result of the election as to any person who has been declared elected by denying adequate observation and right to list of vote-by[-]mail ballots and provisional ballot electors in order to effect a challenge by the observers and representatives of candidates," and (4) "there was an error in the vote-counting programs or summation of ballot counts due

to changed programs of some voter machines after publicly interrogating voter machines."

The verified statement of election contest did not state a remedy sought. Instead, it concluded: "For the foregoing reasons, Contestant Firenza Pini alleges that mistake, error or misconduct has occurred in the counting of the ballots in the election which were so incorrectly counted as to change the result of the election, and, if counted, the number of legal votes case for Contestant [*sic*] will exceed the number of legal votes for Defendant [Fenley] in said election." (Pini is the contestant in this action, but she was not Fenley's opponent in the election.)

On August 1, 2016, six days after the filing of the verified statement of election contest, the superior court, on its own motion, summarily dismissed the election contest. The court determined that, because the June 2016 vote was a primary election, the deadline for filing a statement of election contest was five days after certification of the final canvass by the Board of Supervisors, which occurred on July 6, 2016, according to the trial court. (The July 6 certification was not mentioned in the verified statement of election contest.) (Elec. Code, § 16421.) Since Pini's statement was filed after the statutory deadline, her statement was too late.

Pini requested reconsideration, arguing that a primary election is transmuted into a general election if a candidate obtains a majority of the vote. The trial court denied the request.

Pini, now represented by legal counsel, appeals. She moved for "summary reversal" of the trial court's order, which motion we denied. However, we granted calendar preference.

## DISCUSSION

In her opening brief on appeal, Pini argues the trial court erred by relying on the five-day deadline for contesting primary elections. (See Elec. Code, § 16421 [five-day deadline for contesting primary elections].) She asserts that, because Fenley obtained a

3

majority of votes in the official canvass and was declared the winner without a runoff, the election was transmuted into a general election, for which there is a 30-day deadline. (See Elec. Code, § 16401, subd. (d) [30-day deadline for contesting general elections]; *Cummings v. Stanley* (2009) 177 Cal.App.4th 493, 510-514 (*Cummings*) [deadline for contesting general election applies when electing rather than nominating]; *McClintock v. Abel* (1937) 21 Cal.App.2d 11, 13 (*McClintock*) [same].)

In his respondent's brief, Fenley argues that, regardless of whether this was a primary or general election, any contest seeking a recount had to be filed within five days after the results were certified, under Elections Code section 16462. Fenley apparently abandons the distinction made by the trial court between contests to primary elections (Elec. Code, § 16421 [five-day deadline]) and general elections (Elec. Code, § 16401, subd. (d) [30-day deadline]) and relies instead on the deadline in the recount statute (Elec. Code, § 16462).

In her reply brief, Pini argues that the recount statute cited by Fenley (Elec. Code, § 16462) applies only to primary elections. Or, in the alternative, that statute does not apply because Pini's statement did not request a recount.

We conclude: (1) Fenley's election was a general election under *Cummings* and *McClintock*, not a primary election, and (2) Elections Code section 16462, with its five-day deadline for contesting an election, applies only to primary elections. Therefore, the 30-day deadline in Elections Code section 16401, subdivision (d) applies to this case.

I

*General Election v. Primary Election*

When a nonpartisan primary election results in the outright election of a candidate because that candidate received a majority of votes, the election is transmuted into a general election, and statutes relating to the contest of a general election are applied.

4

"Any candidate for a nonpartisan office who at a primary election receives votes on a majority of all the ballots cast for candidates for that office shall be elected to that office." (Elec. Code, § 8140.)

"A primary election is transmuted in legal effect into a general election for a nonpartisan office where a candidate receives a majority of the votes cast, and is then declared elected to office. ([Elec. Code,] § 8140; [citations].)" (*Cummings, supra,* 177 Cal.App.4th at p. 510; see also *McClintock, supra,* 21 Cal.App.2d at p. 13.) Fenley claims that *Cummings* and *McClintock* do not apply to this case because, even if the election was a general election, Pini is seeking a recount under Elections Code section 16462. As we explain in part II, Elections Code section 16462 does not apply to this case.

Very simply, the election of Fenley to the Board of Supervisors was a general election because he received a majority of votes and was declared the winner without a runoff. Therefore, the trial court erred by treating the contest as involving a primary election.

II

*Applicable Contest Deadline*

On their face, two different statutes appear to set a deadline for filing a contest to the election of Fenley. Elections Code section 16401, subdivision (d) sets a 30-day deadline after general elections, and Elections Code section 16462 sets a five-day deadline for contests seeking a recount. By looking at the legislative history and the structure of the Elections Code, however, it becomes clear that Elections Code section 16462 applies only to contests seeking a recount in a primary election.

A. *Elections Code section 16401*

Any elector (meaning, generally, those who may cast ballots in a particular election (Elec. Code, § 321)) may contest an election by filing a written statement with

5

the clerk of the superior court. (Elec. Code, § 16400.) The grounds on which an elector may contest an election are limited by statute.[1] (Elec. Code, § 16100.)

Chapter 5 of division 16 of the Elections Code covers "Form of Contest Statement" and includes deadlines or statutes of limitations for filing statements contesting elections. Article 1 of chapter 5 relates to general elections, and, within article 1, Elections Code section 16401 (1) requires the contestant to verify the statement of contest and (2) provides the deadlines for contests of a general election in the case of a tie, in cases involving presidential electors, and "[i]n all other cases." The last situation exists here, "[i]n all other cases," and the deadline provided is "30 days" "after either the declaration of the result of the election or the declaration of the results of any postcanvass

---

[1] Elections Code section 16100 provides:

"Any elector of a county, city, or of any political subdivision of either may contest any election held therein, for any of the following causes:

"(a) That the precinct board or any member thereof was guilty of malconduct.

"(b) That the person who has been declared elected to an office was not, at the time of the election, eligible to that office.

"(c) That the defendant has given to any elector or member of a precinct board any bribe or reward, or has offered any bribe or reward for the purpose of procuring his election, or has committed any other offense against the elective franchise defined in Division 18 (commencing with Section 18000).

"(d) That illegal votes were cast.

"(e) That eligible voters who attempted to vote in accordance with the laws of the state were denied their right to vote.

"(f) That the precinct board in conducting the election or in canvassing the returns, made errors sufficient to change the result of the election as to any person who has been declared elected.

"(g) That there was an error in the vote-counting programs or summation of ballot counts."

risk-limiting audit conducted pursuant to Section 15560 by the body canvassing the returns thereof."[2] (Elec. Code, § 16401, subd. (d).)

If Elections Code section 16401 governs the deadline for filing a contest in this case, then Pini's contest was timely because she filed it within 30 days after the body canvassing the returns declared Fenley the winner.

B.    *Elections Code section 16462*

But that does not end the matter because another statute that Fenley argues applies in this contest provides for a five-day deadline, and Pini did not file her contest within five days after completion of the official canvass.

Chapter 5, "Form of Contest Statement," also includes article 4, "Contests Involving a Recount." Elections Code section 16462 is included in article 4 and provides, in part: "The affidavit shall be filed in the office of the clerk of the superior court within five days after the completion of the official canvass."[3] Fenley argues that

---

[2]    Elections Code section 16401 provides:

"The contestant shall verify the statement of contest, as provided by Section 446 of the Code of Civil Procedure, and shall file it within the following times after either the declaration of the result of the election or the declaration of the results of any postcanvass risk-limiting audit conducted pursuant to Section 15560 by the body canvassing the returns thereof:

"(a) In cases other than cases of a tie, where the contest is brought on any of the grounds mentioned in subdivision (c) of Section 16100, six months.

"(b) In all cases of tie, 20 days.

"(c) In cases involving presidential electors, 10 days.

"(d) In all other cases, 30 days."

[3]    Elections Code section 16462 provides: "No service other than as provided in this section need be made upon the defendant. The affidavit shall be filed in the office of the clerk of the superior court within five days after the completion of the official canvass. Upon the filing of the affidavit the county elections official shall forthwith post, in a

Pini is asking for a recount, and, therefore, Elections Code section 16462 required her to file her affidavit within five days after completion of the official canvass. We conclude that Elections Code section 16462 does not apply to general elections.

Pini argues that she has not requested a recount. We need not determine whether her statement requests a recount under the applicable statutes because that determination is not material in this case.

As noted, Elections Code section 16462 does not, on its face, limit itself to primary elections. Nonetheless, our overarching objective in construing the statute is to determine what the Legislature intended. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386.) "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] . . . Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. [Citations.]" (*Id*. at p. 1387.)

Two circumstances reveal that the Legislature meant for Elections Code section 16462 to apply only to primary elections, even though that intent is not stated in that section. First, the former statute superseded by Elections Code section 16462 applied only to primary elections and the Legislature expressly disclaimed an intent to change the law. And second, article 4 relates only to a ground for contest that may be asserted by a candidate vying for nomination, not an elector.

conspicuous place in his or her office, a copy of the affidavit. Upon the filing of the affidavit and its posting, the superior court of the county shall have jurisdiction of the subject matter and of the parties to the contest. The contestant on the date of filing the affidavit shall send by registered mail a copy thereof to the defendant in a sealed envelope, with postage prepaid, addressed to the defendant at the place of residence named in the affidavit of registration of the defendant, and shall make and file an affidavit of mailing with the county elections official, which shall become a part of the records of the contest."

Previously, the statutory language concerning recounts was found in Elections Code former section 20362. (Stats. 1961, ch. 23, § 3, p. 838.) The wording of the former section was virtually identical to current Elections Code section 16462. It provided, in pertinent part, identically: "The affidavit shall be filed in the office of the clerk of the superior court within five days after the completion of the official canvass." (Stats. 1961, ch. 23, § 3, p. 838.) That provision was found in "Chapter 3. Contesting Primary Elections." (*Ibid.*) This placement in the Elections Code made it clear that the statute applied only to primary elections, even though the language of the statute itself did not so state.

In 1994, the Legislature repealed and replaced the Elections Code. (Stats. 1994, ch. 920, §§ 1-2, p. 4690.) In doing so, it enacted Elections Code section 16462, using the language from former Elections Code section 20362. (*Id*. at § 2.) However, instead of putting the new statute in a chapter relating only to primary elections, the Legislature placed it in a more general chapter, "Chapter 5. Form of Contest Statement," in division 16 of the Elections Code. Within that chapter, the Legislature placed four articles: (1) General Elections, (2) Primary Elections, (3) Contests Other than Recount, and (4) Contests Involving a Recount. Elections Code section 16462 is found in article 4, "Contests Involving a Recount," of chapter 5, "Form of Contest Statement." Unlike the case of the former statute, the placement of the current statute does not make it clear that the statute applies only to primary elections.

Normally, we would be constrained to determine the significance of the change in placement of this statute within the new 1994 statutory scheme. "We presume the Legislature intends to change the meaning of a law when it alters the statutory language [citation] . . . ." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 461.) Analogously, when the Legislature changes the placement of a statute within the statutory scheme, it may alter the effect of the statute. Nonetheless, we need not speculate concerning what the change in placement means because the Legislature expressly disclaimed an intent to

9

alter the effect of the statute.  In its official statement of legislative intent in connection with the 1994 repeal and replacement of the Elections Code, the Legislature declared:  "It is the intent of the Legislature in enacting this act to reorganize and clarify the Elections Code and thereby facilitate its administration.  The Legislature intends that the changes made to the Elections Code, as reorganized by this act, have only technical and nonsubstantive effect.  Hence, no change made by this act shall be construed to create any new right, duty, or other obligation that did not exist on the effective date of this act, or result in the limitation or termination of any right, duty, or other obligation that existed on the effective date of this act."  (Stats. 1994, ch. 920, § 3, p. 5163.)

This declared intent not to change the law prohibits any speculation on our part into why the placement changed because the Legislature declared, in effect, that the placement did not change the law.  We therefore conclude that, consistent with former Elections Code section 20362, current Elections Code section 16462 applies only to contests involving primary elections.

Supporting that conclusion is that Elections Code section 16462 applies only to contests filed by a contestant who challenges the nomination of another candidate on a ground that only candidates, not electors, may assert.  Article 4, "Contests Involving a Recount," applies by its own terms to "contests on the ground that due to mistake, error, or misconduct the votes in any precinct were so incorrectly counted as to change the result."  (Elec. Code, § 16460.)  That ground appears, verbatim, in the list of grounds a losing candidate in a primary election may assert to contest the nomination of another candidate.  (Elec. Code, § 16101, subd. (e).)  That ground does not appear in the list of grounds "[a]ny elector" may assert in a contest.  (See Elec. Code, § 16100.)  The language of the article (article 4, "Contests Involving a Recount") therefore limits Elections Code section 16462 to primary elections only.

We recognize that, in her verified statement of election contest, Pini asserted that very ground—that is, she asserted that her statement was filed "on the grounds that

10

mistake, error or misconduct has occurred in the counting of the ballots in the election which were so incorrectly counted as to change the result of the election . . . ." She also cited Elections Code section 16460, which, as noted above, applies only to contests by candidates in primary elections. But we need not be concerned with this language in the statement because (1) the trial court summarily dismissed the contest based on the statute of limitations (without any consideration of the substance of the statement) and (2) courts construe election contests liberally in favor of contestants.

Elections Code section 16403 provides: "A statement of the grounds of contest shall not be rejected nor the proceedings dismissed by any court for want of form, if the grounds of contest are alleged with such certainty as will advise the defendant of the particular proceeding or cause for which the election is contested." The grounds stated in Pini's verified statement of election contest probably fall within the general grounds available to any elector, as stated in Elections Code section 16100. For example, one ground in the statute is that "eligible voters who attempted to vote in accordance with the laws of the state were denied their right to vote." (Elec. Code, § 16100, subd. (e).)

In any event, Pini's verified statement of election contest was not filed late. Accordingly, the trial court erred by dismissing the contest on that ground.

11

## DISPOSITION

The order dismissing the election contest is reversed, and the action is remanded for further proceedings.  Pini is awarded her costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

     NICHOLSON     , Acting P. J.

We concur:

     ROBIE     , J.

     HOCH     , J.

12