Filed 6/15/21  Pini v. County of Trinity CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| FIRENZA PINI, | C090194 |
| Plaintiff and Appellant, | (Super. Ct. No. 18CV053) |
| v. | |
| THE COUNTY OF TRINITY et al., | |
| Defendants and Respondents. | |

This is an action by Firenza Pini against Trinity County (County), its Board of Supervisors (Board), and individually named Supervisors, including John Fenley, to enjoin the payment of legal fees to the County's regular counsel for the defense of Fenley and the County in an election contest involving the counting of votes by County employees and to declare illegal the conduct of the County.  The case was filed August 7, 2018.  The fees were expended in a prior contest brought by Pini in June 2016, challenging Fenley's reelection to the Board.  That case was reversed by this court on

February 28, 2017, and returned to the trial court for further proceedings on the same day. (*Pini v. Fenley* (2017) 9 Cal.App.5th 67.)

The trial court ruled in Fenley's favor and an appeal affirming the trial court was decided in this court coextensive with this appeal.

The basis for the claim for legal fees in this case is that the funds for the fees in the prior case were misappropriated by the Board in violation of two criminal statutes, Penal Code section 424 and Government Code section 8314. It is also based upon the assumption the case would be retried and fees again paid by the County for Fenley's defense.

The trial court granted the County's demurrer and entered a judgment of dismissal on May 24, 2019. The notice of appeal was filed July 24, 2019. As noted, the appeal in the prior case was decided in Fenley's favor coextensive with this appeal.

We shall dismiss the appeal on the ground of mootness.

DISCUSSION

The prior action was dismissed by the trial court for violation of a statute of limitations. This court reversed the decision on February 28, 2017, on the ground the trial court relied on the wrong statute and the case was returned to the trial court for further proceedings.

Moreover, on March 3, 2020, another election for the seat held by Fenley was conducted in which Fenley did not run for reelection. Accordingly, there are no further proceedings in the prior case to pursue, no case involving Fenley in which fees for his defense would be expended by the County, and no remaining case that Pini has standing to bring. (See Pen. Code, § 424; Gov. Code, § 8314, subd. (c)(1).) Accordingly, there is nothing to enjoin and no ground upon which to consider the actions of the County in expending the fees.

## DISPOSITION

The appeal is dismissed as moot.

                                                   _____/s/_____
                                                   BLEASE, Acting P. J.

We concur:

_____/s/_____
MAURO, J.

_____/s/_____
DUARTE, J.